UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVERSIFIED FUNDING, INC.,<br><br>Defendants. | Civil Action No. 1:24-cv-10370<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA") and under Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Tiffany Gunther ("Gunther"). As alleged with greater particularity below, Plaintiff, the United States Equal Employment Opportunity Commission, alleges that Defendants Atlantic Properties Management Corporation ("Atlantic Properties") and Diversified Funding, Inc. ("DFI") violated the ADA when they: (1) failed to provide reasonable accommodations to Gunther in the workplace; (2) discharged Gunther because of her disabilities and/or because of the need to provide accommodations for such disabilities; and (3) retaliated against Gunther by discharging her for requesting an accommodation.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

1

This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts Eastern Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Atlantic Properties has continuously been a Massachusetts corporation doing business in the State of Massachusetts and has continuously employed at least fifteen (15) people.

5. At all relevant times, Atlantic Properties has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7) which incorporates by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Atlantic Properties has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, DFI has continuously been a Massachusetts corporation doing business in the State of Massachusetts and has continuously employed at least fifteen (15) people.

8. At all relevant times, DFI has continuously been an employer engaged in an industry affecting

2

commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7) which incorporates by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

9. At all relevant times, DFI has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. Defendants operate as an integrated enterprise or single employer by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations. For example:

   a. Defendants share a President, Richard Bendetson; Vice President, Samantha Bendetson; and Controller, Cheryl Foote;

   b. Defendants share an office in Boston, Massachusetts, located at 63 Atlantic Avenue, Boston, MA 02110.

   c. Defendants' employee handbook bears the DFI logo, and also states it is the handbook for Atlantic Properties;

   d. Samantha Bendetson, Vice President of both DFI and Atlantic Properties, noted in an affidavit: "[t]he position of Executive Administrative Assistant … encompassed both professional duties for the related companies DFI and Atlantic Properties Management Corp";

   e. DFI "leases" Atlantic Properties' employees; and

   f. Gunther's offer letter, which bears Atlantic Properties' letterhead, states that "Atlantic Properties Management Corporation is pleased to offer [Charging Party] the position of Executive Administrative Assistant for Diversified Funding, Incorporated."

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, Gunther filed a charge with the

EEOC alleging violations of the ADA by Atlantic Properties and DFI.

12. On October 31, 2023, the EEOC issued a Letter of Determination to Defendants finding reasonable cause to believe that the ADA was violated and inviting Defendants to join with it to engage in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The EEOC engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. On November 20, 2023, the EEOC issued a Notice of Failure of Conciliation to Defendants advising that the EEOC was unable to secure from Defendants a conciliation agreement acceptable to the EEOC.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

16. In or around August to October 2021, Defendants engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b)(5) and Section 503(a) and (b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12203(a), by failing to provide Gunther with a reasonable accommodation and terminating her employment because of her disability and/or in retaliation for her request for an accommodation. Specifically:

    a. Defendants are property management companies that manage commercial and residential real estate properties.

    b. DFI manages commercial and residential rental properties in Rhode Island and Massachusetts, two hotels in Massachusetts, and one hotel in New Hampshire. DFI leases employees of Atlantic Properties to manage these properties.

    c. Defendants operate out of offices in Massachusetts located at 63 Atlantic Avenue, Boston, MA 02110.

d. In July 2021, Defendants posted a job advertisement for the position of Executive Administrative Assistant ("EAA").

e. Per the job posting, the EAA is responsible for marketing and advertising, human resources, travel arrangements and events, and other general responsibilities, including responding to requests from the Atlantic Properties and DFI President, Richard Bendetson ("President Bendetson"), and Vice President, Samantha Bendetson ("Vice President Bendetson"), for coffee and other errands.

f. Gunther was qualified for the EAA position and had recent work experience as a personal assistant to executives at the time of her application.

g. On August 12, 2021, Defendants received Gunther's application for the EAA position. DFI and Atlantic Properties Controller Cheryl Foote proceeded to interview Gunther.

h. On September 22, 2021, Defendants e-mailed Gunther a written offer of employment for the EAA position.

i. The offer letter bore Atlantic Properties' letterhead and stated, "Atlantic Properties Management Corporation is pleased to offer [Charging Party] the position of Executive Administrative Assistant for Diversified Funding, Incorporated."

j. Defendants offered Gunther an annual base salary of $50,000, with an opportunity to earn an additional $420 per month, plus fringe benefits.

k. Gunther immediately accepted the job offer and sent a signed copy of the offer letter to Defendants via email.

l.  The position of Executive Administrative Assistant to which Tiffany Gunther applied encompassed professional duties for the related companies DFI and Atlantic Properties Management Corp.

    m. Defendants indicated a desire for Gunther to begin her employment imminently.

    n. Soon after accepting the offer, Gunther was diagnosed with Invasive Ductal Carcinoma (*i.e.*, breast cancer)—an impairment that substantially limits the major life activity of normal cell growth.

    o. On or about September 28, 2021 Gunther contacted Defendants by phone to inquire about her start date and to advise them of her recent diagnosis. She noted she would need treatment, but that she thought such treatment would begin after her start date.

    p. On September 30, 2021, Controller Foote e-mailed Gunther requesting that Gunther give the EAA job description to her medical provider so that the provider could advise on whether there would be any limitations on Gunther's ability to perform the job and whether Gunther would need reasonable accommodations.

    q. On October 7, 2021, Gunther e-mailed Foote, attaching a copy of a doctor's note dated September 30, 2023 stating that Gunther could perform the job duties, but would need some time off for treatment and recovery.

    r. On October 8, 2021, Gunther sent another email to Defendants to determine when she would receive a start date and if they needed anything else from her.

    s. On October 8, 2021, Foote informed Gunther that Defendants needed additional information from her doctor and that her start date would depend on the doctor's response. Foote stated she would follow up with Gunther the following week with the specific information Defendants needed.

    t. On October 13, 2021, Defendants sent Gunther a letter requesting that she provide its questions to her medical provider to assess whether Defendants could accommodate her. Specifically, the letter requested the doctor provide "as much detail as possible about how

frequently the employee will need time off for treatment, the length of any appointment for treatment, and the length of any periods of recovery."

u. On October 26, 2021, Gunther provided Defendants with a doctor's note dated October 19, 2021 responding to the Defendants' inquiry. The note stated Gunther could perform the duties of the EAA position, but she would need time off for treatments consisting of 4-5 hours a week, then surgery and recovery (date and length unknown), and thereafter, 4-5 hours of treatment every week. The note also noted Gunther may need 1-3 unplanned days off per month due to symptoms.

v. On October 28, 2021, Foote e-mailed Gunther noting the Defendants were very sorry about her diagnosis and attaching a letter rescinding her offer of employment due to her need to be out of the office at times for treatment.

w. Defendants did not speak to Gunther directly about her accommodation needs.

x. Defendants did not ask Gunther directly about when she might be able to schedule treatment appointments (for example, whether treatments were available on weekends, in the evenings or early mornings), or other similar kinds of questions.

y. Defendants did not speak with Gunther's medical providers directly about the impact of treatments on Gunther, what kind of surgery she might need to have, what general recovery times for that surgery might be, or other similar kinds of questions.

z. Defendants did not consider or offer any alternative or potential accommodations for Gunther.

aa. At all times relevant, Gunther was qualified to perform all of the essential functions of the EAA position without or without accommodation.

bb. Defendants failed to engage in a good faith interactive process to identify reasonable

accommodations for Gunther.

cc. Defendants could have but failed to provide Gunther with a reasonable accommodation.

dd. The EAA position was left vacant from September 3, 2021 to October 6, 2021. Previously, Defendants left the EAA position vacant for nearly 3 months between March 20, 2019 and June 3, 2019. During these times, the duties of the EAA were performed by other individuals in the office.

ee. Defendants hired a non-disabled temporary employee to fill the role of EAA on October 6, 2021.

ff. Defendants permitted this temporary non-disabled employee to work a flexible schedule to care for her ill mother.

gg. This flexible schedule allowed the non-disabled temporary employee to work earlier hours so she could finish work earlier in the day.

hh. This non-disabled temporary employee performed the EAA role for Defendants for approximately one year, until October 17, 2022.

ii. Defendants hired a full-time non-disabled employee for the EAA position in January 2022.

jj. Defendants knew Gunther had cancer.

kk. Defendants terminated Gunther because of her disability and/or because of her need for an accommodation.

17. As a result of the foregoing, Charging Party suffered harm.

18. As specifically set forth in Paragraph 16 above, Defendants engaged in unlawful practices in violation of Section 102(a) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112 (b)(5)(A) by failing to engage in a good faith interactive process to identify reasonable accommodations and failing to provide Gunther with a reasonable accommodation.

19. As specifically set forth in Paragraph 16 above, Defendants engaged in unlawful practices in violation of Section 102(a) and (b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (b)(5)(B), by terminating Gunther's employment because of her disability and/or her need for accommodation.

20. As specifically set forth in Paragraph 16 above, Defendants engaged in unlawful practices in violation of Section 503(a) and (b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12203(a), by terminating Gunther's employment because of her request for accommodation.

21. The unlawful employment practices complained of in Paragraph 16(v) above were intentional.

22. The unlawful employment practices complained of in Paragraph 16 above caused Charging Party to suffer pecuniary and non-pecuniary damages including, but not limited to, lost compensation and benefits, and mental anguish and emotional distress.

23. The unlawful employment practices complained of in Paragraph 16 above were done with malice and/or with reckless indifference to Gunther's federally protected rights.

## **PRAYER FOR RELIEF**

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals with disabilities involving hearing and that eradicate the effects of their past and present unlawful employment practices;

C. Order Defendants to make Gunther whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Gunther whole by reinstating her or awarding front pay in lieu thereof, in amounts to be determined at trial;

E. Order Defendant to make Ms. Gunther whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

F. Order Defendant to make Gunther whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial;

G. Order Defendant to pay Gunther punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial;

H. H. Grant such further relief as the Court deems necessary and proper in the public interest; and

I. Award the EEOC its costs in this action.

## JURY TRIAL DEMAN

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: February 15, 2024
New York, New York

Respectfully Submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT

OPPORTUNITY COMMISSION
131 M. Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney


/s/ *Kimberly Cruz*
KIMBERLY CRUZ
Assistant Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
(929) 506-5345
Kimberly.cruz@eeoc.gov

11