**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**
**Eastern Division**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVERSIFIED FUNDING, INC.**,<br><br>Defendants. | Civil Action No. 1:24-cv-10370-AK |

**MEMORANDUM OF LAW IN SUPPORT OF THE EEOC'S MOTION TO COMPEL**

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC"), seeks an order compelling Defendants Atlantic Properties Management Corporation and Diversified Funding, Inc. (collectively, "Defendants"), to produce **by March 24, 2025,** prior to the start of depositions: (1) financial records; and (2) all outstanding discovery Defendants agreed to produce. EEOC first requested these documents almost *nine months ago* and are still waiting for them. Indeed, on February 4, Defendants represented to the Court that they would produce the information by February 14. They have failed to do so a month later.

## I. DISCOVERY AT ISSUE AND PARTIES' CONFFERALS

This is a case about Defendants terminating Charging Party, before she could even start working for them as an executive administrative assistant, immediately after they learned she had breast cancer -- despite her doctor making clear she could perform the job but would need minimal time off for treatments.

On July 26, 2024, when Defendants' responses to the EEOC's written discovery requests were

due, Defendants requested a 30-day extension. *See* Exhibit ("Ex.") 1 to Declaration of Lindsay Sfekas ("Decl."). The EEOC agreed to a two-week extension, *id.*, but Defendants did not respond until August 28, 2024—providing only some of the responsive documents and not responding at all to the interrogatories. *See* Ex. 2.

The EEOC followed up with Defendants about their interrogatory responses and met and conferred on their document responses, which they agreed to supplement. Ex. 3; *see also* Decl. at ¶ 3. The parties also negotiated about conducting searches of electronically stored information. *Id.*; *see also* Ex. 4 (email summarizing conferral). On October 21, 2024, Defendants provided responses to interrogatories—nearly four months after the requests were made -- and continued to promise supplemental document production. Ex. 5.

After another three months, on January 29, 2025, the EEOC sent Defendants a letter identifying the remaining issues. *See* Ex. 6. On February 4, the Court held a status conference, after which the parties met and conferred. Ex. 7. Defendants also provided a supplemental document production that day. Ex. 8. During the February 4 meeting, counsel for both parties agreed on a resolution of all disputed discovery, except for EEOC's request for Defendants' financial documents. Decl. at ¶ 4. The EEOC confirmed in writing that it would provide Defendants with ESI search terms by February 10, 2025, and, pursuant to its promise to the Court, Defendants would produce the following by February 14, 2025:

- A privilege log.
- Information related to how Defendants determined the individuals responsive to Request Nos. 18, 33 and 34, including who Ms. Foote communicated with to create these lists.
- Any responsive documents to Request Nos. 18, 33 and 34.
- Complete answers to Interrogatory Nos. 1, 4 and 12.[1]
- Responsive information to Interrogatory No. 6.
- Payroll records for the other individuals that held the executive administrative assistant position.

[1] The EEOC is not currently seeking to compel a complete answer to Interrogatory No. 12.

Ex. 9; *see also* Ex. 10 at 1 (Defendants' counsel wrote: "I recall informing the Court that I believed that my client could provide supplemental production by February 14"). On February 10, 2024, the EEOC sent Defendants its proposed search terms. Ex. 10. The EEOC also notified Defendants that they produced apparently inadvertent privileged communications, which the EEOC proactively deleted, as well as some corrupted files.[2] *Id.* Defendants claimed it was now too difficult to meet the February 14 deadline represented to the Court. Ex. 10. After several email exchanges, Defendants refused to commit to a production schedule for the outstanding discovery. *See, e.g., id.* **To date, Defendants have not produced any additional agreed upon documents or information.** Decl. at ¶ 5. The EEOC now moves to compel complete responses to all outstanding discovery requests **no later than March 24, 2025**--one week prior to the date when depositions are scheduled to begin.

## II. ARGUMENT

### A. The Court Should Compel Defendants to Produce Documents concerning Their Finances and Business from 2021 to Present.[3]

| EEOC'S Req. No. 28 | Defendants' Response and Objections |
|---|---|
| Documents concerning Defendant's finances and business, including:<br>a. All income tax returns for 2021 to the present, including exhibits and attachments;<br>b. All audited and unaudited balance sheets reflecting assets, liabilities, and net worth for each fiscal year from 2021 to the present;<br>c. All audited and unaudited profit and loss statements for each fiscal year from 2021 to the present, including supporting documents;<br>d. Cash flow analysis statements for each fiscal year from 2021 to the present; and<br>e. All financial statements for each fiscal year from 2021 to the present. | Defendant objects to this Request on the grounds that it seeks information not relevant to any party's claim or defense considering that the Defendant does not disclaim that it is the property party, and further objects that the request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit |

[2] Defendants also disclosed that counsel had not reviewed its supplemental production. EEOC. Decl. at ¶ 4.
[3] Defendants' response to the Interrogatories is attached as Exhibit 11 to the Declaration. The Defendants' response to the Request for Production of Documents is attached as Exhibit 12 to the Declaration.

Because Defendants provided their initial responses to the EEOC's document requests on August 28, 2024, 19 days after they were due, Defendants have waived any objections. *See* L. R. 34.1(c)(1) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."); *see also Slauenwhite v. Bekum Maschinenfabriken, G.m.b.H.,* 35 Fed. R. Serv.2d 975 (D. Mass. 1983) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."). Defendants should therefore be ordered to produce the financial records sought in Request No. 28.

Moreover, documents related to Defendants' finances and business are indeed relevant to 1) the EEOC's claim for punitive damages; 2) Defendants' undue hardship defense; and 3) the EEOC's allegations that Defendants constitute an integrated enterprise.

Courts in the First Circuit and "a majority of federal courts permit pretrial discovery of financial information about the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages." *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2020 WL 3492469, at *5 (D. Mass. June 26, 2020) (quoting *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 498 (D.R.I. 1994)) (collecting First Circuit cases in which district courts found a party's financial information relevant to the issue of punitive damages). *See EEOC v. Otis Worldwide Corporation*, Civil Action No. 23-10612-MJJ, slip op. at 9-10 (D. Mass. May 1, 2024), attached as Ex. 13.

Documents responsive to Request Number 28 are also relevant to Defendants' fifth affirmative defense that "[a]ccommodating the Plaintiff's reasonable accommodation would have created an undue hardship on Defendants' business." Doc. No. 8 at 7. Under the ADA, the financial cost of the proposed accommodation to the employer relative to the employer's other income and

expenses is the primary consideration in an undue hardship analysis. *See* 42 U.S.C. § 12111 (10) (A). Relatedly, a court in this Circuit ordered the defendant to produce financial records in a Title III ADA case where it asserted the accommodation was not "readily achievable" and therefore an "undue burden," which is analogous to the undue hardship at issue here.[4] *See Davis v. Jacob S. Ciborowski Fam. Tr.*, No. 11-CV-436-PB, 2012 WL 3779612, at *4 (D.N.H. Aug. 30, 2012) (ordering responses to interrogatories regarding defendants' financial resources as relevant to the defense of "undue burden"). A fact finder cannot evaluate the merits of this affirmative defense without this information.

Further, if Defendants continue to contest that they are an integrated enterprise,[5] the requested financial documents are relevant to the EEOC's argument that they are actually one entity for the purposes of ADA liability because they are so interrelated. Courts in the First Circuit use a four-factor test to determine if entities are an integrated enterprise under the ADA: "(1) centralized control over labor relations, (2) interrelation between corporations, (3) common management, and (4) common ownership." *DiIorio-Sterling v. Capstone Mgmt., LLC*, 596 F. Supp. 3d 306, 321 (D.N.H. 2022) (citing *Burnett v. Ocean Properties, Ltd.*, 987 F.3d 57, 65 (1st Cir. 2021)). The EEOC seeks financial records which may reveal information like "shared records, office space . . . [and] comingled finances," which can show the interrelation of operations and centralized control. *Romano v. U-Haul Int'l*, 233 F.3d 655, 667 n.7 (1st Cir. 2000); *Burnett*, 987 F.3d at 66 (same); *EEOC v. Triple-S Vida, Inc.*, No. CV 21-1463 (FAB/MDM), 2023 WL 2088240, at *6 (D.P.R. Feb. 17, 2023) (same).

---

[4] The factors to be considered in the definition of "readily achievable" in Title III are almost identical to the Title I "undue hardship" factors. *Compare* 42 U.S.C. § 12181 (9) *with* 42 U.S.C. § 12111 (10)(B).

[5] In Paragraph 10 of the answer to the complaint, Defendants "den[ied] that they operate as an integrated enterprise or single employer." Doc. No. 8 at 2. Defendants sent the EEOC a unilaterally executed stipulation stating that they "accept, joint and several liability in the present action," but they have not conceded that they are either "legally joint employers or a single employer." Ex. 13. Therefore, it is unclear if Defendants concede they are an integrated enterprise.

### B. The Court Should Compel Defendants to Produce Outstanding Discovery Responses.

Despite multiple attempts by the EEOC to secure a date certain for production from Defendants, they refuse to provide one. As such, the EEOC seeks an order compelling that all outstanding discovery responses and documents be served **no later than March 24, 2025**, which is a week before the first scheduled deposition in this case.

Not only have Defendants waived objections to the document requests, *see supra* at 3, but they have likewise waived objections to the interrogatories. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived") (emphasis added); L. R. 33.1(c)(1) (same). *See also Katz v. Liberty Power Corp., LLC*, No. 118CV10506ADBDLC, 2021 WL 3616073 (D. Mass. Mar. 29, 2021) (holding defendants waived objections based on attorney client privilege because they did not supply responses within 30 days).

Specifically, the EEOC seeks:

1. Corrected Production of the Documents sent on February 4

On February 4, 2025, Defendants produced various electronic documents, most of which could not be opened. And, of those documents the EEOC could open, many contained what appeared to be inadvertent privileged communications. Acting in good faith, the EEOC told Defendants of this and deleted the production from its systems. These documents need to be produced again in a readable format, omitting any privileged information.

2. Privilege Log

Defendants objected to numerous requests for documents and interrogatories based on the attorney-client privilege or work product. *See, e.g.* Ex. 11-12. The EEOC needs a privilege log to understand what has been withheld, and to independently assess the applicability of the claimed privileges. Defendant agreed to provide a log but has not done so.

3. Documents Responsive to Request No. 8

Request No. 8 seeks payroll documentation for individuals who have held the executive administrative assistant position from January 1, 2021 to the present. *See* Ex. 12. These records include pay statements, documents reflecting the number of hours worked, benefits and any other types of compensation. *Id.* The EEOC is aware of at least five individuals who have held this position in the relevant time frame. Defendants produced the requested records for two of these individuals [6] and promised to produce records for the remaining ones. These records should show whether other non-disabled executive administrative assistants were provided flexibility in their schedules and will be used to calculate damages including lost wages and benefits.

Complete Answers to Interrogatory Nos. 1 and 4

Interrogatory No. 1 requests information about individuals whom Defendants believe have or might have information about the claims and defenses in this action. *See* Ex. 11. Interrogatory No. 4 requests information about individuals who held the same position Charging Party was hired for since 2019. *Id.* In response to each request, Defendants provided names of individuals but not their requested employment or contact information. Defendants agreed to supplement these responses with the requested information, which is clearly relevant, but have not done so.

4. Complete Answer to Interrogatory No. 6.

Interrogatory No. 6 seeks information about Defendants' current or former employees "who requested and/or received extended or intermittent leave or a modified work schedule due to a health, family or other personal circumstances from 2019 to present." *Id.* Specifically, Interrogatory No. 6 seeks the "name, title, work location, reason for the request, the accommodation requested, whether the request was granted or denied, and the duration of the leave

[6] These records were part of the February 4 supplemental production, which need to be produced again.

or modified schedule." *Id.* Defendants did not object to this interrogatory, but their response does not provide the listed employees' job titles or work locations. *Id.* It is also unclear what accommodations these individuals requested or if they were granted, granted in part, or denied. Finally, many of the dates listed do not contain years or the complete timeframe for the duration of the accommodation provided. Defendants agreed to supplement this response to provide this missing critical information but have not done so.

5. Documents Responsive to Document Request Nos. 18, 33 and 34

Request Nos. 18, 33 and 34 seek documents related to all disability accommodations, unpaid leave, extended or intermittent leave and/or a flexible/modified work schedule provided to other employees. *See* Ex. 12. Defendants stated they produced these documents in Tab 3 of its production, but Tab 3 contained documents only related to Charging Party's accommodation request. *See id.* When asked about this, Defendants stated they had produced "every document in our possession and control related to leaves of absence and accommodations for other employees." *See* Ex. 8 at 2. Notably, Defendants identified in response to Interrogatory No. 6, 17 instances where they claim they provided employees accommodations or leave. Ex. 11. Thus, the EEOC questioned how Defendants identified these accommodations without any documents. Defendants said they would determine where this information came from and produce any documents consulted. But Defendants have not done so to date and have not advised that no documents exist related to these requests. Defendants should be ordered to provide relevant documents responsive to Request Nos. 18, 33 and 34, or confirm there are no such documents.

6. Electronically Stored Information (ESI)

To date, Defendants have not used any search terms to collect electronically stored information, despite agreeing to engage an IT vendor to do so. *See* Decl. at ¶ 4. Instead, Defendants had their Controller, Cheryl Foote, collect ESI without oversight from counsel. *Id.* EEOC asks that the Court order

the Defendants to conduct ESI searches using the terms upon which the parties agreed. *See* Ex. 10.

As outlined above, the Defendants agreed to produce the outstanding information, conceding its relevance. Defendants' responses to the discovery requests were due in July 2024. After eight months of delay, Defendants still refuse to provide a date by which they will produce completed discovery responses. The first deposition will be held on March 31, 2025. *Id.* at ¶ 6. As such, the EEOC requests this Court to compel the outstanding discovery **by March 24, 2025**.

## III. CONCLUSION

For the reasons set forth above, the EEOC requests that this Court grant the EEOC's Motion to Compel.

Dated: March 14, 2025

Respectfully submitted,

/s/ *Lindsay C. Sfekas*

LINDSAY C. SFEKAS
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5284
lindsay.sfekas@eeoc.gov

/s/ *Gena Miller*

GENA MILLER
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5343
gena.miller@eeoc.gov

**CERTIFICATE OF LOCAL RULE 37.1(b)**

I hereby certify that Plaintiff U.S. Equal Employment Opportunity Commission has attempted in good faith to obtain the Defendants' agreement in the requested relief pursuant to Local Rule 37.1(b).

/s/ *Lindsay C. Sfekas*

LINDSAY C. SFEKAS

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2025, a copy of the foregoing was filed electronically using the CM/ECF system. Transmission of the Notice of Electronic Filing through the court's transmission facilities will constitute service of the filed document upon registered ECF users.

Dated: March 14, 2025

*/s/ Lindsay C. Sfekas*
*Lindsay C. Sfekas*