# EXHIBIT 4

| | |
|---|---|
| **From:** | Joseph Sulman |
| **To:** | ANDRES PUERTA |
| **Cc:** | NORA CURTIN |
| **Subject:** | Re: EEOC v. Atlantic Properties/DFI - Meet & Confer |
| **Date:** | Friday, October 11, 2024 10:58:04 AM |

Andres -

I apologize the brief delay in getting back to you as I had originally tried to engage with the Defendant's IT vendor for this process but they were unable to assist, which led to me go with Lexbe.

We are proposing the following search terms with the following parameters, for the client's Microsoft Exchange email system.

1. For the following custodians: Cheryl Foote, Samantha Bendetson, and Richard Bendetson, and the following dates: July 1, 2021 to October 31, 2021, please search emails for the terms: Gunther, Tiffany, medical, leave, cancer, accom!, treatment, doctor

2. For the following custodians, Cheryl Foote, Samantha Bendetson, Richard Bendetson, Todd Wilson, Rob Damiano, Roberta Russo. January 1, 2018 to December 31, 2023, please search emails for the terms: ((leave or away) w/10 (work or absence or medical or treatment)) or disab!

3. For the following custodians, Cheryl Foote, and dates, January 1, 2020 through December 31, 2022, search emails for the terms: executive w/3 administrative w/3 assistant w/10 duties

Joseph Sulman
Law Office of Joseph L. Sulman, Esq.
255 Bear Hill Road, Suite 204
Waltham, MA 02451
Office  617-521-8600
Direct 781-701-8126
Fax 866-514-4839
jsulman@sulmanlaw.com
www.sulmanlaw.com

**PLEASE NOTE NEW ADDRESS**
255 BEAR HILL ROAD, SUITE 204
WALTHAM MA 02451
(Same phone and email)

צדק צדק תרדוף
"Justice, justice you shall pursue"

**My working hours may not be your working hours. Please do not feel obligated to respond outside of your work schedule.**

STATEMENT OF CONFIDENTIALITY This e-mail message may contain confidential and/or legally privileged information belonging to the sender and intended only for the review and use of the intended recipient. If you are not the intended recipient, any disclosure, dissemination, distribution, copying, review, or use of the information contained in this e-mail message or any attachment is strictly prohibited. If you believe you have received this e-mail message in error, please notify the Law Office of Joseph L. Sulman, Esq. at (617) 521-8600, and purge this e-mail message from your computer system immediately. Thank you.

> On Oct 7, 2024, at 2:37 PM, ANDRES PUERTA <ANDRES.PUERTA@EEOC.GOV> wrote:
>
> Joe:
>
> Thanks for your response. With respect to the document productions mentioned below, when can we expect to receive those productions?
>
> With respect to No. 1 below: 1) please provide the search terms Defendants' propose to use for their ESI search; 2) please provide the custodians that will have their e-mail searched; 3) please let me know if only e-mail is being searched, or whether other sources of ESI (*i.e.*, HR software, local hard drives, servers, etc.) are being searched as well.  EEOC reserves the right to negotiate additional search terms down the line or insist that other sources of ESI should be searched, collected, and produced.
>
> Thank you,
> Andres
>
> <image001.png>
> **ANDRES F. PUERTA | Trial Attorney (He/Him)**
> U.S. Equal Employment Opportunity Commission
> Newark Area Office
> Two Gateway Center, 17th Floor
> Newark, NJ 07023
> Direct: 929-506-5288
> Andres.puerta@eeoc.gov
>
> ---
>
> **From:** Joseph Sulman <jsulman@sulmanlaw.com>
> **Sent:** Monday, October 7, 2024 12:44 PM
> **To:** ANDRES PUERTA <ANDRES.PUERTA@EEOC.GOV>
> **Cc:** NORA CURTIN <NORA.CURTIN@EEOC.GOV>
> **Subject:** Re: EEOC v. Atlantic Properties/DFI - Meet & Confer
>
> > **CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.
>
> Andres -
>
> I am writing in response to your correspondence concerning the Defendant's responses.

1. We have an engaged an IT consultant for an ESI search term review on the Defendant's email system for responsive documents. The search is underway.

2. We have collected the native versions of the production and are preparing for a production of the same.

3. We have collected the payroll for the past two Executive Administrative Assistants and are preparing to produce the same.

4. The preparation of the interrogatory answers is nearly complete. This has been delayed, frankly, because my office lost my associate recently and I am trying to onboard a new associate while picking up the slack in other cases.
The answers should be ready soon.

5. I will work on the stipulations, but we will not agree to produce documents concerning the allegation of joint employment.


Joseph Sulman
Law Office of Joseph L. Sulman, Esq.
255 Bear Hill Road, Suite 204
Waltham, MA 02451
Office  617-521-8600
Direct 781-701-8126
Fax 866-514-4839
jsulman@sulmanlaw.com
www.sulmanlaw.com

**PLEASE NOTE NEW ADDRESS**
255 BEAR HILL ROAD, SUITE 204
WALTHAM MA 02451
(Same phone and email)

צדק צדק תרדוף
"Justice, justice you shall pursue"

**My working hours may not be your working hours. Please do not feel obligated to respond outside of your work schedule.**

STATEMENT OF CONFIDENTIALITY This e-mail message may contain confidential and/or legally privileged information belonging to the sender and intended only for the review and use of the intended recipient. If you are not the intended recipient, any disclosure, dissemination, distribution, copying, review, or use of the information contained in this e-mail message or any attachment is strictly prohibited. If you believe you have received this e-mail message in error, please notify the Law Office of Joseph L. Sulman, Esq. at (617) 521-8600, and purge this e-mail message from your computer system immediately. Thank you.


On Sep 26, 2024, at 2:18 PM, ANDRES PUERTA <ANDRES.PUERTA@EEOC.GOV> wrote:

Joe:

Thank you for meeting with me Monday with respect to Defendants' August 28, 2024 Responses to EEOC's First Request for Production of Documents and Defendants' corresponding August 28, 2024 document production.  As discussed, the EEOC contends Defendants' Responses and document production are deficient in several respects.  The below summarizes these deficiencies, and also summarizes our discussion with respect to these discovery issues:

1. **Concerns with Document Production & Electronically Stored Information**

Defendants' document production consists of PDF documents, totaling 126 pages (Bates range TG 000001 – 000126) that appear to be bulk-scanned to non-unitized files. You confirmed that Defendants' production consisted of scanned documents kept in paper format in the usual course of business. The EEOC's position is that to the extent the documents in the production are stored electronically, they should be produced in accordance with the attached Form of Protocol that EEOC Trial Attorney Lindsay Sfekas provided to you prior to the parties' Rule 26(f) conference.  However, for the time being, EEOC requests that Defendants produce the following documents (identified by Bates Nos.) in native format so the EEOC can view metadata for such documents and identify parent/child relationships (*i.e.*, e-mail and attachments):

- TG 000003

- TG 000004

- TG 000008 – 000009

- TG 000010

- TG 000011

- TG 000015- 000016

- TG 000020

- TG 000021

- TG 000022

- TG 000024

- TG 000025

- TG 000028

- TG 000031
- TG 000033
- TG 000035
- TG 000037
- TG 000039
- TG 000040
- TG 000043
- TG 000048
- TG 000050
- TG 000053
- TG 000056
- TG 000061
- TG 000064

You agreed during our call that you would request Defendants to provide you with the natives of the e-mail within the production (which are included in the above list). You also agreed you would provide metadata for the other documents once I provided you the list.  Please provide such document and information by **October 4, 2024**.  If that date is not feasible, please provide a date certain by which Defendants will produce such documents and information.

The EEOC reserves the right to request metadata for additional documents in the production.

2. **Search for Internal Communications**

Several of the EEOC's RFPs (Nos. 7, 11, 12, 13, 14, 15, 16, 18, 21, 22) request documents and/or communications concerning Charging Party Tiffany Gunther. These requests encompass internal communications between and among Defendants' decisionmakers with respect to Charging Party.  During our call, I advised you that Defendants' document production did not include any internal communications responsive to these Requests for Production. I asked about how Defendants searched for relevant internal communications in e-mail, computers/laptops, and text messages within cell phone devices.  You advised that you gave Defendants search terms, but that Defendants conducted their own searches and no relevant internal communications were found, and that you "double checked" those searches. It was not clear from your explanation whether defense counsel conducted searches on e-mail and cell phone devices.  You explained that given that Defendants' employees and executives work in a small office in close quarters that any discussions with respect to Charging Party were had via oral conversation.

F.R.C.P. 26(g) requires that defense counsel make reasonable efforts to assure that Defendants have provided all available and responsive information and documents. The EEOC posits that for defense counsel to meet that obligation here, counsel for Defendants, and not Defendants themselves, should search appropriate custodians' e-mail addresses and cell phone devices for relevant and responsive information.  EEOC therefore requests further clarification on defense counsel's efforts and methods to discover such relevant information, including the custodians that defense counsel instructed to search for relevant communications and the search terms provided to those custodians.  Please provide this information by **October 4, 2024**. If that date is not feasible, please provide a date certain by which you are able to provide such information.

3. **Privilege Log(s)**

During our meet and confer, you confirmed that certain responsive documents have been withheld from production on privilege grounds. **To date,** Defendants have not produced a privilege log. You confirmed that Defendants will produce a privilege log shortly.  Please produce the privilege log by **October 4, 2024**. If that date is not feasible, please provide a date certain by which Defendants are able to produce the privilege log.

4. **Deficiencies with Responses to Specific Requests for Production**

- *RFP No. 3*

EEOC's RFP No. 3 requests documents sufficient to establish ownership and corporate structure of Defendants.  Defendants objected to this Request on several grounds, including relevance and proportionality, and did not produce any responsive documents.  EEOC considers Defendants response and failure to produce responsive documents deficient.

During our call, I advised that EEOC specifically alleges in Paragraph 10 of the Complaint that Defendants operate as an integrated enterprise or single employer, which Defendants deny in their Answer, and so discovery on this issue is necessary. You advised that the denial of this allegation is solely for "legal purposes" to protect your clients' interests, but you agreed that both Defendants are proper parties and you would not seek to have either Defendant removed from the case, and that both Defendants would share in any liability/damages. You proposed drafting a stipulation reflecting this position. EEOC is willing to consider a stipulation, but reserves the right to seek responsive documents should the parties fail to reach an agreement. Please provide a proposed stipulation by **October 4, 2024**.

- *RFP No. 8*

EEOC's RFP No. 8 requests documents reflecting payroll documentation for the Executive Administrative Assistant ("EAA") position, including pay statements, number of hours worked, benefits, and any type of compensation.  Defendants objected to this Request on proportionality grounds, and subject to the objection, produced offer letters for individuals who hold or held the EAA position during the relevant period, which included information with respect to annual salary and other compensation, health insurance, and other fringe benefits. During our call, I advised Defendants' production was deficient in that it lacked payroll records, such as pay statements providing dates and number of hours worked.  As I explained, the EEOC's position is that such payroll records are directly relevant here, where the dates and number of hours EAAs typically worked will bear on the question of whether Defendants could have accommodated Charging Party's disability, and that Defendants' payroll administrator will be able to provide such payroll records with minimum difficulty.  You agreed that you would request Defendants to obtain such payroll records.  Please provide the requested documents by **October 4, 2024**. If that date is not feasible, please provide a date certain by which Defendants will produce such documents.

- *RFP No. 18*

EEOC's RFP No. 18 requests documents and/or communications concerning any requests for accommodations under the ADA during the relevant time period.  Defendants objected on proportionality grounds, and subject to such objection, responded that Defendants will produce records in its possession and control on accommodations provided to employees who had medical-related disabilities during the relevant time period, and referred the EEOC to Tab 3 of Defendants' August 28, 2024 document production.

Tab 3 (Bates Nos. TG 000037 – 000049), appear to be duplicates of certain documents in Tab 2 (Bates Nos. TG 000005 – 000036), and which concern and relate only to Charging Party's request for accommodation. The Tab 3 documents do not contain documents concerning any other of Defendants' employees requests for accommodations during the relevant period. As such, Defendants' Response and document production is deficient.  Please produce such documents by **October 4, 2024**, or provide a date certain by which Defendants will produce such documents. If such documents do not exist, please state so.

- *RFP No. 23*

EEOC's RFP No. 23 requests documents including payroll tax records and other personnel records sufficient to demonstrate the number of employees Defendants employed during each calendar week for the years 2021, 2022, and 2023.  Defendants objected to this Request on relevance and proportionality grounds and did not produce responsive documents.  EEOC considers Defendants response and failure to produce responsive documents deficient.

During our call, I explained that documents responsive to the Request are relevant and proportional to the needs of the case, as the documents would address jurisdictional issues and applicability of statutory caps for purposes of assessing any potential damages. You advised that Defendants did not necessarily object to providing documents regarding the total number of employees during the requested time period, but did object to producing the underlying payroll records for all employees during such period. You also stated that Defendants would also be willing to stipulate to the number of employees it employed during the requested period.  EEOC is willing to consider a stipulation, but reserves the right to seek responsive documents should the parties fail to reach an agreement.

Please provide either responsive documents showing the totaling number of employees during the requested period or a stipulation addressing same by **October 4, 2024**. If that date is not feasible, please provide a date certain by which Defendants will produce such responsive documents or such stipulation.

- *RFP No. 24*

EEOC RFP No. 24 requests documents including Articles of Incorporation and other such corporate governance documents sufficient to show Defendants' domicile and/or principal place of business.  Defendants object on relevance and proportionality grounds. EEOC considers Defendants response and failure to produce responsive documents deficient.

During our call, I stated that responsive documents were necessary to address the single employer/integrated enterprise allegation and for jurisdictional issues. You advised Defendants would be willing to stipulate to such issues.  EEOC is willing to consider a stipulation, but reserves the right to seek responsive documents should the parties fail to reach an agreement.  Please provide a proposed stipulation by **October 4, 2024**. If that date is not feasible, please provide a date certain by which Defendants will provide the stipulation.

- *RFP No. 27*

EEOC's RFP No. 27 requests documents and/or communications sufficient to identify all individuals who had or have any ownership or financial control of Defendants.  Defendants objected on relevance and proportionality grounds, and did not produce responsive documents. EEOC considers Defendants response and failure to produce responsive documents deficient.

During our call, I advised that such documents are relevant and proportional to address the allegation in EEOC's complaint concerning the Defendants being a single employer/integrated enterprise. You advised Defendants would be willing to stipulate to such issues.  EEOC is willing to consider a stipulation, but reserves the right to seek responsive documents should the parties fail to reach an agreement.  Please provide a proposed stipulation by **October 4, 2024**. If that date is not feasible, please provide a date certain by which Defendants will provide the stipulation.

- *RFP No. 28*

EEOC's RFP No. 28 requests documents concerning Defendants' financial worth, including income tax returns from 2021 to the present and financial statements for 2021 to the present.  Defendants objected on relevance and proportionality grounds, and did not produce responsive documents.  EEOC considers Defendants response and failure to produce responsive documents deficient.

During our call, I explained that EEOC is entitled to such documents, as it alleges that Defendants conduct was intentional and done with malice and/or with reckless indifference to Charging Party's federally protected rights, and should the matter reach a jury, such documents are necessary for a jury to assess a punitive damages award.  You advised that this is not a punitive damages case, and that if summary judgment was not granted and the matter went to trial and there was a possibility of punitive damages, only then would Defendants produce such documents.  EEOC is considering your proposal, but at this time, we request that you produce the requested documents by **October 4, 2024**. If that date is not feasible, please provide a date certain by which Defendants will provide the requested documents, or advise whether Defendants will continue to refuse to produce such documents and whether the parties have reached an impasse on this issue.

- *RFP Nos. 33 and 34*

EEOC's RFP No. 33 requests documents and/or communications sufficient to identify all current or former employees of Defendants who were on unpaid leave for any period between January 2020 through the present, and RFP No. 34 requests documents and/or communications concerning any current or former employees of Defendants who requested and/or received extended or intermittent leave or a flexible/modified work schedule due to health, family, or other personal circumstances for any period between January 2019 to the present.  Defendants objected to these Requests based on relevance and proportionality, and subject to such objections, referred EEOC to Defendants' Response to RFP No. 18, in which Defendants refer EEOC to Tab 3 of Defendants' August 28, 2024 document production.

As noted above, Tab 3 (Bates Nos. TG 000037 – 000049), appear to be duplicates of certain documents in Tab 2 (Bates Nos. TG 000005 – 000036), and which concern and relate only to Charging Party's request for accommodation. As such, EEOC considers Defendants' Responses and document production deficient.

During our call, I explained that the documents requested in these Requests go to the heart of the issues here, including whether Defendants could have accommodated Charging Party's disability with leave (unpaid, extended, or intermittent) or with a flexible/modified work schedule. The Requests are specifically tailored to elicit comparator information, which EEOC is entitled to in order to prove its discrimination claim. I also stated that Defendants' payroll administrator should easily be able to export such information with minimal burden to Defendants. You advised that you would speak with Defendants about obtaining such information.

Please produce such documents by **October 4, 2024**, or provide a date certain by which Defendants will produce such documents. If such documents do not exist, please state so.

5. **Defendants' Responses to EEOC's First Set of Interrogatories**

Defendants' responses to EEOC's First Set of Interrogatories are past due. You confirmed during our call that Defendants would provide their interrogatory responses by the end of next week. EEOC looks forward to receiving Defendants' responses by **October 4, 2024**.

Thank you,
Andres


<image001.png>
**ANDRES F. PUERTA** | **Trial Attorney (He/Him)**
U.S. Equal Employment Opportunity Commission
Newark Area Office
Two Gateway Center, 17th Floor
Newark, NJ 07023
Direct: 929-506-5288
Andres.puerta@eeoc.gov

<EEOC's Form of Production.pdf>