# EXHIBIT 6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ  07102
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Newark Direct Dial:  (862) 338-9410
FAX (973) 339-7380
Website:  www.eeoc.gov

January 29, 2025

**VIA EMAIL**

Joseph L. Sulman, Esq.
LAW OFFICE OF JOSEPH L. SULMAN
255 Bear Hill Road, Suite 204
Waltham, MA 02451
jsulman@sulmanlaw.com

> RE    *U.S. Equal Employment Opportunity Commission v. Atlantic Property*
> *Management Corp. and Diversified Funding, Inc.*, 1:24-cv-10370-AK

Dear Counsel:

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rules 7.1(a)(2), 26.2(c), and 37.1(b), this letter seeks to resolve longstanding deficiencies in Defendants' incomplete discovery responses in the hope that judicial intervention can be avoided.  Additionally, EEOC requests Defendants provide their availability to confer on the deficiencies related to Defendants' interrogatory responses during the following dates and times:  January 31, 2025 after 12:00 pm, February 3, 2025 after 10:00 am, or February 4, 2025 after 1:00 pm.

**I.    DEFENDANTS' OUTSTANDING REQUESTS FOR PRODUCTION RESPONSES AND RESPONSIVE DOCUMENTS**

As Defendants are aware, Plaintiff EEOC served its First Request for Production of Documents ("RFPs") over six months ago on June 26, 2024.  Following Defendants' unilateral decision not to seek court approval for an extension of time to respond, Defendants produced responsive documents and responses to the EEOC's RFPs on August 28, 2024.

> **A.    The Parties' Have Repeatedly Conferred Regarding Defendants' Deficient First RFP Responses and Production.**

In accordance with Local Rules 7.1(a)(2) and 37.1(a), on September 12, 2024, the EEOC requested that the parties confer to address deficiencies with Defendants' document production and responses to the EEOC's RFPs.  On September 23, 2024, the parties conferred to attempt to resolve these discovery disputes, which was later summarized in the EEOC's September 26, 2024 email to Defendants.  Specifically, the parties discussed Defendants': (1) failure to produce documents in the EEOC's requested production format that would contain all relevant, responsive information; (2) deficient responses and productions to RFP Nos. 3, 7, 8, 11–16, 18, 21, 22–24,

27, 28, 33, and 34; and (3) failure to produce a privilege log, despite admitting they were withholding documents on privilege grounds.

On October 7, 2024, Defendants replied, stating that with respect to their outstanding document production, Defendants:

- were preparing electronically stored documents in their August 28, 2024 production for reproduction in their native format for EEOC review;
- had engaged an IT vendor to search Defendants' e-mail system ("ESI Search") and that ESI Search was "underway" to identify documents responsive to RFP Nos. 7, 11–16, 18, 21, 22, 33, and 34;
- had collected and were preparing the production of documents responsive to RFP No. 8; and
- Defendants were preparing stipulations for EEOC's review in lieu of producing responsive documents to RFP Nos. 3, 23, 24, and 27.

Later that same day, the EEOC requested Defendants provide a date by which Defendants would produce the outstanding responsive documents and the search terms, custodians, and sources for their ESI Search.[1] Defendants responded, on October 11, 2024, with the information requested about their ESI Search, but failed to provide a date by which it would produce outstanding responsive documents.

On October 21, 2024, Defendants informed EEOC of their concerns with Defendants' selected IT vendor's collection and retention of Defendants' emails for Defendants' ESI Search. Therefore, Defendants hired a second, alternative IT vendor to conduct Defendants' ESI Search that did not involve the same methods for the collection and retention of Defendants' emails.

To date, Defendants have not: (1) reproduced any electronically stored documents from Defendants' August 28, 2024 production in either the EEOC requested format or native format; (2) produced outstanding documents responsive to RFP Nos. 7, 8, 11, 12, 13, 14, 15, 16, 18, 21– 24, 27, 33, or 34, or provided any proposed stipulations for EEOC's review in lieu of responsive documents to RFP Nos. 3, 23, 24, and 27; or (3) produced a privilege log.

### B.    Defendants Have Failed to Reproduce Electronically Stored Documents Despite Prior Representations that it Would Do So.

Defendants, in spite of their prior representations, have failed to reproduce electronically stored documents in their August 28, 2024 production in EEOC's First RFP specified format. As the parties discussed on September 23, 2024, Defendants' August 28, 2024 document production did not conform to the format specified in EEOC First RFP pursuant to Federal Rule of Civil Procedure 34(b), nor did Defendant raise any specific objections to this specified format. Instead, Defendants' August 28, 2024 production consists entirely of PDF documents, totaling 126 pages

---

[1] In making its October 7, 2024 requests, EEOC also reserved the right to propose alternative search terms, custodians, and/or sources for Defendants' ESI Search.

(Bates range TG 000001 – 000126), that Defendants confirmed are bulk-scanned and non-unitized files. Many of these documents, however, are clearly electronically stored documents—*i.e.*, Word files, e-mail, e-mail attachments— that contain relevant, responsive information about author, versions, dates, sender, recipients, etc. ("metadata"). By scanning these electronically stored documents into PDFs, Defendants have altered these documents and removed relevant, responsive and discoverable metadata without any explanation or assertion of privilege.

To attempt to resolve this issue, EEOC requested—and Defendants agreed on October 7, 2024—that Defendants would reproduce the following documents (identified by Bates Nos.) in native formats:

- TG 000003
- TG 000004
- TG 000008 – 000009
- TG 000010
- TG 000011
- TG 000015- 000016
- TG 000020
- TG 000021
- TG 000022
- TG 000024
- TG 000025
- TG 000028
- TG 000031
- TG 000033
- TG 000035
- TG 000037
- TG 000039
- TG 000040
- TG 000043
- TG 000048
- TG 000050
- TG 000053
- TG 000056
- TG 000061
- TG 000064

To date, Defendants have failed to reproduce these documents in native format. Accordingly, EEOC requests Defendants reproduce the documents specified above in native format by **February 8, 2025** to avoid a motion to compel their production.

**C.    Defendants' Responses to Numerous Requests for Production Remain Deficient or Entirely Outstanding.**

1.    *RFP Nos. 7, 11, 12, 13, 14, 15, 16, 18, 21, 22:  Documents and/or Communications Concerning Charging Party Tiffany Gunther*

Several of EEOC's RFPs (RFP Nos. 7, 11, 12, 13, 14, 15, 16, 18[2], 21, 22) request documents and/or communications concerning Charging Party Tiffany Gunther. These requests encompass relevant internal communications between and among Defendants' decisionmakers with respect to Charging Party and/or her request for an accommodation.  On October 11, 2024, Defendants stated they would identify responsive e-mail through Defendants' ESI Search and produce the same.

To date, Defendants have not produced any responsive documents from their ESI Search. Therefore, EEOC requests Defendants produce responsive documents to RFP Nos. 7, 11, 12, 13, 14, 15, 16, 18, 21, and 22, in the format specified in EEOC's First RFPs by **February 8, 2025** to avoid a motion to compel their production.

2.    *RFP Nos. 3, 24, 27:  Documents Concerning Defendants' Liability as an Integrated Enterprise and/or Single Employer*

EEOC's RFPs Nos. 3, 24, 27 seek documents relevant to establishing Defendants' liability as an integrated enterprise and/or single employer.  Specifically, EEOC RFP Nos. 3 and 24 seek relevant documents concerning Defendants' ownership and corporate structure and RFP No. 27 seeks relevant documents concerning individuals with ownership or financial control of Defendants. *See Torres-Negron v. Merck & Co., Inc.*, 488 F.3d 34, 42-43 (1st Cir. 2007) (applying the "single employer" or "integrated enterprise" test to ADA cases and explaining that to determine "whether two or more entities are a single employer under the integrated enterprise test," courts must consider "(1) common management; (2) interrelation between operations; (3) centralized control over labor relations; and (4) common ownership). Defendants refused to produce any responsive documents based on relevance and proportionality objections.

During the parties' September 23 conference, EEOC explained the relevancy of documents responsive to RFP Nos. 3, 24 and 27 to EEOC's allegations that Defendants operate as an integrated enterprise or single employer and Defendants denial of the same. *See Equal Emp. Opportunity Comm'n v. Triple-S Vida, Inc.*, No. CV 21-1463 (FAB-MDM), 2023 WL 9183950, at *8 (D.P.R. Aug. 25, 2023), *report and recommendation adopted*, No. CV 21-1463 (FAB), 2023 WL 9183951 (D.P.R. Oct. 6, 2023) ("[D]efendants cannot advance the defense of *not* being joint employers on one hand, and on the other hand, *refuse* to produce information and documents that have a direct bearing on that factual and legal question.").  Defendants advised that the denial in their Answer is solely for "legal purposes" to protect their interests, agreed that both Defendants

---

[2] As discussed below, RFP No. 18 concerns Charging Party Tiffany Gunther *and* any other individuals who requested a disability-related accommodation from Defendants.

are proper parties, neither Defendant would seek to be removed from the case, and both Defendants share in any liability/damages.  Defendant stated it would draft a stipulation to this effect. EEOC agreed to review Defendants' proposed stipulation, but reserved the right to seek responsive documents should the parties fail to reach an agreement.

To date, Defendants have failed to propose any stipulation concerning Defendants' liability as an integrated enterprise and/or single employer in this action.  EEOC thus requests that Defendants provide their proposed stipulation or produce documents responsive to RFP Nos. 3, 24, and 27 by **February 8, 2025** to avoid a motion to compel their production.

3.      *RFP No. 8:  Payroll Documentation for Executive Administrative Assistants Employed by Defendants*

EEOC's RFP No. 8 requests relevant payroll documentation for the Executive Administrative Assistant ("EAA") position, for which Charging Party applied and was hired, including pay statements, number of hours worked, benefits, and information about any type of compensation paid.  While generally objecting on proportionality grounds, Defendants produced offer letters for individuals who hold or held the EAA position during the relevant period, which included information with respect to annual salary and other compensation, health insurance, and other fringe benefits. However, these offer letters failed to include dates of employment and hours worked by these EAA individuals.

During the parties' September 23 conference, EEOC advised that such payroll records are directly relevant here.  For example, the dates and number of hours EAAs typically worked will bear on whether Defendants could have accommodated Charging Party's disability and Charging Party's damages. EEOC also noted that Defendants' payroll administrator will be able to provide such responsive payroll records with minimal burden.  Defendants agreed to produce such payroll records.  On October 7, 2024, Defendant confirmed it had collected the requested payroll records for the past two EAAs and were preparing to produce the same.

To date, however, Defendants have not produced any responsive, requested payroll records, despite their previous representations that the documents were forthcoming.  Therefore, the EEOC requests Defendants provide responsive payroll records by **February 8, 2025** to avoid a motion to compel production of them.

4.      *RFP No. 18:  Documents and/or Communications Concerning Disability-Related Accommodation Requests*

EEOC's RFP No. 18 requests documents and/or communications concerning requests for accommodation under the ADA during the relevant time period.  Defendants did not object to the relevancy of these documents, but solely objected to this request on proportionality grounds. Nevertheless, Defendants agreed to produce documents "on accommodations provided to employees who had medical-related disabilities during the relevant time period."  Defendants also referred to Tab 3 of Defendants' August 28, 2024 document production.

5

As explained during the parties' September 23 conference, Tab 3 (Bates Nos. TG 000037 – 000049) appear to be duplicates of documents in Tab 2 (Bates Nos. TG 000005 – 000036), which only concern Charging Party's request for accommodation.  EEOC, therefore, requested that Defendants produce responsive documents concerning individuals other than Charging Party or state that no such documents exists.

To date, Defendants have failed to produce any responsive documents beyond those concerning Charging Party or state that no other responsive documents exist.  EEOC thus requests Defendants produce documents responsive to RFP No. 18 by **February 8, 2025** to avoid a motion to compel production of the same.

5.    *RFP No. 23:  Documents Concerning the Number of Employees Employed by Defendants in 2021, 2022 and 2023*

EEOC's RFP No. 23 requests relevant documents concerning the number of individuals Defendants employed in 2021, 2022, and 2023.  Specifically, this request is limited to documents *sufficient to demonstrate* the number of individuals Defendants employed during each calendar week for these three years—not all Defendants' payroll and other personnel records.  Defendants refused to produce any responsive documents based on relevance and proportionality objections.

During the parties' September 23 conference, EEOC explained that documents responsive to RFP No. 23 are relevant and proportional to the needs of the case because Defendants' Answer denied that they continuously employed at least fifteen (15) people during the relevant time period. *See* 42 U.S.C. § 12111(5)(A) (applying Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), to those employers with 15 or more individuals in a calendar year). Specifically, responsive documents directly address Defendants' statutory coverage under the ADA, as well as the applicable statutory caps for compensatory and punitive damages.  42 U.S.C. §§ 12111(5)(A), 12117(a); 42 U.S.C. § 1981a(b)(3).  Defendants advised that they did not object to providing documents reflecting their total number of employees during the requested time period, but objected to producing the underlying payroll records for all these employees. Defendants stated that they would also stipulate to the number of employees it employed during the requested period.  On September 26, 2024, EEOC agreed to review such a proposed stipulation from Defendant, but reserved the right to seek responsive documents should the parties fail to reach an agreement.

To date, Defendants have failed to produce any documents sufficient to reflect the number of individuals employed by Defendants during the requested time period in RFP No. 23.  EEOC thus requests Defendants provide their proposed stipulation or produce documents responsive to RFP No. 3 by **February 8, 2025** to avoid a motion to compel production of the same.

6.    *RFP No. 28:  Documents Concerning Defendants' Financial Condition*

EEOC's RFP No. 28 requests documents concerning Defendants' financial worth, including income tax returns from 2021 to the present and financial statements for 2021 to the present.  Defendants objected on relevance and proportionality grounds and refused to produce responsive documents.

During the parties' September 23 conference, EEOC explained such documents are relevant to EEOC's claim for punitive damages and for the assessment of settlement possibilities Defendants stated that if summary judgment was not granted to Defendants and there was a possibility of a jury awarding punitive damages, *only then* would Defendants produce such responsive documents.  This is not the law.

Defendants' documents responsive to RFP No. 28 are not only relevant, but also discoverable *at this stage* of litigation.  Not only are Defendants' financial documents sought in RFP No. 28 relevant to EEOC's claim for punitive damages, but these documents are also relevant to the parties' assessment of settlement and Defendants asserted undue hardship defense in this matter.  A majority of federal courts, including the District of Massachusetts, "permit pretrial discovery of financial information without requiring a plaintiff to establish a *prima facie* case on the issue of punitive damages."  *Katz v. Liberty Power Corp. LLC*, No. 18-cv-10506-ADB, 2020 WL 3492469, at *5 (D. Mass. 2020) (quoting *CEH, Inc. v. FV Seafarer*, 153 F.R.D. 491, 499 (D.R.I. 1994), *affirmed*, 70 F.3d 694 (1st Cir. 1995). Moreover, delaying the disclosure of such relevant evidence not only ignores the central purpose of discovery, but also impacts the parties' ability to realistically assess cases for settlement and unnecessarily extends litigation.  *See CEH, Inc.*, 153 F.R.D at 499.  Lastly, the District of Massachusetts considers tax returns discoverable "as long as they are relevant to the subject matter of the litigation."  *Buntzman v. Springfield Redevelopment Auth.*, 146 F.R.D. 30, 32 (D. Mass. 1993) (quoting *Halperin v. Berlandi*, 114 F.R.D. 8 (D.Mass.1986)).  In this case, Defendants' financial condition evidenced by their tax returns is relevant as they assert that "[a]ccommodating the [Charging Party's] reasonable accommodation would have created an undue hardship on Defendants' business."  Answer at 7 (Fifth Affirmative Defense).

Accordingly, EEOC requests Defendants provide documents responsive to RFP No. 28 by **February 8, 2025** to avoid a motion to compel production of the same.  As a compromise, the EEOC will limit 2021 from the timeframe.

> 7.    *RFP Nos. 33 and 34:  Documents and/or Communications Concerning Employees Granted Unpaid Leave or Employees who Requested and/or Received Extended or Intermittent Leave, or Flexible or Modified Work Schedules*

EEOC's RFP No. 33 requests relevant documents and/or communications sufficient to identify any employee who was granted unpaid leave between January 2020 through the present, and RFP No. 34 requests relevant documents and/or communications concerning any employee who requested and/or received extended or intermittent leave or a flexible/modified work schedule due to health, family, or other personal circumstances for any period between January 2019 to the present.  While generally objecting to these requests based on relevance and proportionality, Defendants referred the EEOC to their response to RFP No. 18, which was Tab 3 of Defendants' August 28, 2024 document production.  As explained above, this Tab 3 contained documents that only concern Charging Party's request for an accommodation.

During the parties' September 23 conference, EEOC discussed the relevancy of documents responsive to RFP Nos. 33 and 34. EEOC explained that these responsive documents go to the heart of the issues in this case; whether Defendants could have accommodated Charging Party's disability with leave (unpaid, extended, or intermittent) or with a flexible/modified work schedule. In other words, whether Charging Party's requested accommodation was facially feasible given the circumstances and the veracity of Defendant's undue hardship assertions in accommodating Charging Party's disability. *Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 259 (1st Cir. 2001). Defendants stated they would consider producing such responsive documents.

To date, Defendants have failed to produce any documents responsive to RFP Nos. 33 and 34 beyond those concerning Charging Party or state that no other responsive documents exist. EEOC thus requests Defendants provide responsive documents to RFP Nos. 33 and 34 by **February 8, 2025** to avoid a motion to compel production of the same.

### D.   Defendant's Privilege Log Also Remains Outstanding.

To date, Defendants have failed to produce a privilege log to their August 28, 2024 document production. During the parties' September 23 conference, however, Defendants confirmed they withheld responsive documents on privilege grounds. Defendants also represented that they would produce a privilege log "shortly."

The Federal Rules of Civil Procedure require a party claiming privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a matter that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). A "blanket assertion of privilege" is insufficient to assert that documents are privileged. *Degrandis v. Children's Hosp. Bos.*, 203 F. Supp. 3d 193, 200 (D. Mass. 2016) ((internal quotation and citation omitted).

Accordingly, EEOC requests Defendants provide a privilege log that complies with the Federal Rules of Civil Procedure by **February 8, 2025** to avoid a motion to compel the same.

## II.   DEFENDANTS' DEFICIENT INTERROGATORY RESPONSES

As Defendants are aware, Plaintiff EEOC served its First Set of Interrogatories on Defendant over six months ago on June 26, 2024. Following Defendants' unilateral decision not to seek court approval for an extension of time to respond, Defendants provided their interrogatory responses on October 21, 2024.

Upon review, there are deficiencies with Defendants' responses to Interrogatory Nos. 1, 4, 6, 11, and 12. In the hopes of resolving this dispute without court intervention, pursuant to Rule 37(a)(1) and Local Rules 7.1(a)(2) and 26.2(c), EEOC requests Defendants provide their availability to confer on these deficiencies during the following dates and times: December 19 between 10 a.m. and 2 p.m.; December 20 between 10 a.m. and 2p.m.; and December 23 between 10 a.m. and 5 p.m. Please be advised, pursuant to Local Rule 37.1(a), Defendants must respond

8

to this conferral request within seven (7) days or may be subject to sanctions. To facilitate the parties' discussion, EEOC provides its position on Defendants deficient interrogatory responses to date.

### A. Interrogatory No. 1

Interrogatory No. 1 requests plainly relevant information concerning the identity of individuals who Defendants believe have or might have information about the claims and defenses in this action. Interrogatory No. 1 specifically asked Defendants to provide the "name, title, and current or last known physical address, e-mail address, and phone number" of these individuals to ensure EEOC could locate and subpoena, if necessary, these relevant witnesses. *See* Federal Rule 26(a)(1)(A)(i) (requiring disclosure of the same contact information for the same purposes).

Defendants' response identified only two individuals, Madeline Nunez and Rebecca Foote, who were not identified in Defendants' Initial Disclosures and failed to provide any of the requested employment or contact information about these individuals. EEOC requests that Defendants amend its interrogatory response to provide a complete response by **February 8, 2025**

### B. Interrogatory No. 4

Interrogatory No. 4 requests information about the identity of individuals who held the same position Charging Party was hired for, Executive Administrative Assistant ("EAA"), since 2019. Interrogatory No. 1 specifically asked Defendants to identify all these individuals "by name, dates holding the position, disability status and whether the individual requested an accommodation." Such information is relevant and discoverable. *See Moreno Rivera v. DHL Glob. Forwarding*, 272 F.R.D. 50, 54 (D.P.R. 2011) (stating that plaintiffs in employment discrimination cases often seek discovery "regarding similarly situated employees," and granting several of plaintiff's requests seeking comparator information).

Defendants' response, which included a boilerplate relevance objection, solely referred to Tab 4 of Defendants' August 28, 2024 document production. However, Tab 4 (Bates numbers TG 000050 – TG 000064) does not contain complete employment dates for these individuals, their disability status, or their requests for accommodations. EEOC, therefore, requests a complete response to this interrogatory response by **February 8, 2025**.

### C. Interrogatory No. 6

Interrogatory No. 6 seeks information about the identity of Defendants' current or former employees "who requested and/or received extended or intermittent leave or a modified work schedule due to a health, family or other personal circumstances from 2019 to present." Interrogatory No. 6 also included a request for these employee's "name, title, work location, reason for the request, the accommodation requested, whether the request was granted or denied, and the duration of the leave or modified schedule."

9

Defendants did not object to Interrogatory No. 6 and referred an "attached list of accommodations." The attached list is a single page document which purportedly is "a list of recent accommodations made for employees who were not able to report to work for medical and other reasons." The list enumerates several names with varying descriptions purportedly of the reason for the accommodation request (*e.g.*, "auto inspection sticker," "stomach pain," "breathing complications from Covid," "surgery and recovery," "surgery"), and unclear, non-definitive dates (*e.g.*, "2 weeks Spring of 2024," "1 day off. 9/6 [no year]," "3 months off – October 2019").

Defendants' response to Interrogatory No. 6 is deficient for multiple reasons. First, Defendants' response entirely fails to provide the listed employees' job titles or work locations as requested. Second, it is unclear from Defendants' response what accommodations these individuals requested or if those accommodation requests were granted, granted in part, or denied. Finally, many of the dates listed do not contain years or complete duration timeframe. EEOC, therefore, requests that Defendants amend its interrogatory response to provide complete responsive information by **February 8, 2025**.

### D.      Interrogatory No. 11

Interrogatory No. 11 requests information to identity the individuals "who had or have any ownership or financial control of Defendants." This information is relevant to EEOC's assertion that Defendants operate as an integrated enterprise or a single employer and Defendants' denial of the same in their Answer. *See EEOC v. Triple-S Vida, Inc.*, No. CV 21-1463 (FAB-MDM), 2023 WL 9183950, at *8 (D.P.R. Aug. 25, 2023), *report and recommendation adopted*, No. CV 21-1463 (FAB), 2023 WL 9183951 (D.P.R. Oct. 6, 2023) (opining that "defendants cannot advance the defense of *not* being joint employers on one hand, and on the other hand, *refuse* to produce information and documents that have a direct bearing on that factual and legal question.").

Defendants refuse to provide this information based solely on their invalid boilerplate objection of relevance, but the law is clear that the information sought is relevant in this case. EEOC, therefore, requests a complete response to Interrogatory No. 11 by **February 8, 2025**.

### E.      Interrogatory No. 12

Interrogatory No. 12 seeks information about "the number of employees *each* Defendant employed for each calendar week for the calendar years 2021, 2022, and 2023," including "the number of employees jointly employed by both Defendants during the same timeframe." This information is relevant to the EEOC's assertion that Defendants are subject to the ADA by continuously employing at least fifteen people during the relevant time period and Defendants' denial of the same in its Answer. Additionally, this information is necessary to determine the appropriate statutory cap for compensatory and punitive damages in this matter.

Defendants refuse to provide this information based solely on their invalid boilerplate objection of relevance, but the information sought it plainly relevant in this case. EEOC, therefore, requests a complete response to Interrogatory No. 11 by **February 8, 2025**.

Respectfully,

*s/ Andres F. Puerta*

Andres F. Puerta
Trial Attorney

cc:    Lindsay C. Sfekas
       Gena Miller
       Katie N. Linehan

11
