# EXHIBIT 11

UNITED STATES DISTRICT COURGT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC PROPERTY MANAGEMENT CORP. AND DIVERSIFIED FUNDING, INC.,<br><br>    Defendants. | Civil Action No.:<br>1:24-cv-10370 |

**DEFENDANT'S ATLNTIC PROPERTY MANAGEMENT CORP. ANSWERS TO PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST SET OF INTERRGATORIES**

Defendants Atlantic Property Management Corp. ("Atlantic" or "Defendant) hereby

provide the following objections and responses to First Set of Interrogatories.

## **INTERROGATORIES**

1. Identify by name, title, and current or last known physical address, email address, and phone number all persons whom you have reason to believe have, or might have, information about the claims or defenses raised in this lawsuit and describe in detail the substance of the information you believe that person has or might have. As used herein, the term "information" is not limited to direct or personal knowledge, but includes any information however acquired, including hearsay.

   **Objection and Answer**: Defendant objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and work product doctrine. Subject to and notwithstanding such objection, Defendant refers EEOC to the initial disclosures, and further answers: Madeline Nunez, Rebecca Foote, who have information about the duties and responsibilities of the Executive Administrative Assistant.

2. Identify all individuals who, at any time since January 1, 2020, have been responsible for administering human resources functions, policies, and procedures on behalf of Defendants and/or their employees.

   **Answer**: Cheryl Foote.

3.  Identify each request for an accommodation made by Charging Party in 2021. For each request identified, please provide the date the request was made, to whom the request was made, the date and nature of each communication regarding the request, and each action taken by Defendants as a result of the request, including the names and titles of those taking such action.

    **Objection and Answer**: Defendants object to this interrogatory on the ground that it seeks information protected by the attorney-client privilege. Subject to and not withstanding such objection, Defendants states: Gunther informed Cheryl Foote of her cancer treatment on or about September 23, 2021, after she was offered the position and accepted. On or about September 30, 2021, Foote directed Gunther to ask her providers if there were "any limitations on [her] ability to perform the essential functions of [her] job due to [her] medical condition not treatment, and if so, whether any reasonable accommodations are requested." On or about October 5, 2021, Gunther provided Foote a note from her providers stating that she was under treatment, could perform her duties, but needed time off for treatment and intermittently to recover, without any further details.  On or about October 13, 2021, Foote asked Gunther to direct her providers to answer further questions to "assess whether [Defendants] can provide a reasonable accommodation for [her]." Foote asked: "Please provide as much detail as possible about how frequently the employee will need time off for treatment, the length of any appointment for treatment, and the length of any periods of recovery." On or about October 26, 2021, Foote received an email from Gunther with an attached note from her providers. The note stated that Gunther "will need time off for treatment, given weekly, approximately 4-6 hrs, for visit/treatment. This will be followed by surgery and recovery (length TBD) and followed by visit/treatments, also approx 4-5 visits, every 3 weeks for a year. She may require 1-3 unplanned days off for symptoms related to treatment intermittently, once a month." Defendants discussed the information internally. Subsequently, Defendants determined that Gunther's requested accommodation was not reasonable given the needs of the position and granting the accommodation would have created an undue burden for the company. Defendants informed Gunther of the decision on or about October 28, 2021.

4.  Identify all individuals who held the role of Executive Administrative Assistant in any of Defendants' locations from 2019 to present by name, dates holding the position, disability status and whether the individual requested an accommodation.

    **Objection and Answer**: Defendants object to this interrogatory on the ground that it seeks information not relevant to any claim or defense in this action. Subject to and notwithstanding such objection, Defendants state: See documents produced in response to Tab 4.

5.  Describe in detail the complete set of facts that explain Defendants' decision to withdraw Charging Party's offer of employment with Defendants, including, but not limited to,

identifying all persons with knowledge of those facts or involved in that decision, their title(s), and role(s) in the decision.

**Objection and Answer**: Defendants object to this interrogatory on the ground that it seeks information protected by the attorney-client privilege. Subject to and notwithstanding such objection, Defendants state: Defendants incorporate its Answer to Interrogatory No. 3 by reference. Defendants further refer to and incorporate the statements in the Affidavit of Samantha Bendetson produced in response to the Request for Production of Documents. Further answering, Defendants state: Defendants withdrew the job offer to Gunther after asking her about the extent of her medical treatments, including the length of each treatment and duration of appointments, and determining that the time away from the office would not allow her to perform the essential duties of the position and would have created an undue burden for the company.

6.  Identify all current or former employees of Defendants who requested and/or received extended or intermittent leave or a modified work schedule due to a health, family or other personal circumstances from 2019 to present by providing name, title, work location, reason for the request, the accommodation requested, whether the request was granted or denied, and the duration of the leave or modified schedule.

    **Answer**: Defendant refers to attached list of accommodations.

7.  Describe in detail the complete set of facts that describe and explain why Charging Party was not provided an accommodation in 2021 including, but not limited to, the person or persons with most knowledge of those facts, their title(s) and role(s) in the decision(s), and dates on which the decision(s) were made.

    **Objection and Answer**: Defendants object to this interrogatory on the ground that it seeks information protected by the attorney-client privilege. Subject to and notwithstanding such objection, Defendants state: Defendants incorporate its Answers to Interrogatories Nos. 3 and 5 by reference. Defendants further refer to and incorporate the statements in the Affidavit of Samantha Bendetson produced in response to the Request for Production of Documents and the answers to Interrogatories Nos. 3 and 5. Cheryl Foote and Richard Bendetson were involved in the decision, and the dates are included in answers to Interrogatories Nos. 3 and 5.

8.  Identify all facts supporting Defendants' Second and Third Affirmative Defenses asserted at page 7 of the Answer that Plaintiff failed to file the "administrative claims" and "legal claims" "within the time required under the applicable statues or regulations."

    **Answer:** Defendant has further researched this defense and intends to waive it and will do so.

9.  Identify all facts supporting Defendants' Fourth Affirmative Defense asserted at page 7 of the Answer that "Plaintiff's claims and/or entitlement to relief is barred in whole or in part by the doctrine of unclean hands."

**Answer:** Defendant has further researched this defense and intends to waive it and will do so

10. Describe and explain in detail the complete set of facts that support Defendants' Fifth Affirmative Defense asserted at page 7 of the Answer that the accommodation requested by Charging Party "constituted an undue hardship."

    **Answer**: Defendants refer to and incorporate the statements in the Affidavit of Samantha Bendetson produced in response to the Request for Production of Documents. Further answering, Defendants incorporate its Answers to Interrogatories Nos. 3 and 5 by reference. Defendants further state: The duties of the Executive Administrative Assistant (EAA) duties are not replicated in other positions. While there are multiple property managers and service employees, there is only one EAA. This individual is responsible for screening calls from residents and then works directly with property managers to respond to the clients' needs. When the office does not have an EAA because of sickness or vacation, such calls go to voicemail and are in returned as promptly as possible. Other duties are picked up by Cheryl Foote, plus Madeline Nunez, who are the only employees with both the institutional knowledge and close relationship with President Richard Bendetson and Vice President Samantha Bendetson to be trusted with certain personal duties for each of them. Further answering, please refer to the affidavit of Samantha Bendetson.

11. Identify all persons who had or have any ownership or financial control of Defendants, including the dates and monetary amounts of said ownership or financial control for each individual.

    **Objection and Answer**: Defendants object to this interrogatory on the ground that it seeks information not relevant to any claim or defense in this action

12. List the number of employees each Defendant employed for each calendar week for the calendar years 2021, 2022, and 2023 and identify the number of employees jointly employed by both Defendants during the same timeframe.

    **Objection and Answer**: Defendants object to this interrogatory on the ground that it seeks information not relevant to any claim or defense in this action.

13. Identify each and every job duty that Defendants allege are essential functions of the Executive Administrative Assistant position. For each function, identify how often the Executive Administrative Assistant is expected to perform that duty and whether Defendants contends Charging Party could have performed the function with or without an accommodation.

**Answer**: Defendants refer to and incorporate the statements in the Affidavit of Samantha Bendetson produced in response to the Request for Production of Documents and the job description for Executive Administrative Assistant.

14. Identify all facts supporting Defendants' assertion that Charging Party was not qualified for the position of Executive Administrative Assistant position.

    **Answer**: Defendants incorporate its Answers to Interrogatories Nos. 3 and 5 by reference. Further answering, Defendants state: Charging Party could not perform the essential duties of the position with a reasonable accommodation. Defendants refer to and incorporate the statements in the Affidavit of Samantha Bendetson produced in response to the Request for Production of Documents and the job description for Executive Administrative Assistant

15. Identify any alternative accommodations that Defendants considered or offered to Charging Party after she requested an accommodation from Defendants, whether these accommodations were offered to Charging Party, the date on which they were offered, and the communications related to any alternative accommodations.

    **Answer**: Charging Party applied for a singular position of Executive Administrative Position. There were no other positions or alternative accommodations available to her.

16. Identify all facts to support Defendants' assertion that they engaged in a good faith interactive process related to Charging Party's need for an accommodation in 2021

    **Answer**: Defendants refer to the Answers to Interrogatories No. 3 and 5.

Signed under the pains and penalties of perjury this  18th  Day of October, 2024

Cheryl Foote

DEFENDANTS ATLANTIC PROPERT MANAGEMENT
CORP. AND DIVERSIFIED FUNDING, INC.
By their attorneys,

/s/ Joseph Sulman
Joseph L. Sulman, BBO #663635
LAW OFFICE OF JOSEPH L. SULMAN
255 Bear Hill Road, Suite 204
Waltham, MA 02451
(617) 521-8600
jsulman@sulmanlaw.com

Certificate of Service

I hereby certify that this Opposition was served on counsel of record for Defendants on October 21, 2024 by electronic mail.

/s/ Joseph Sulman
Joseph L. Sulman

Following is a list of recent accommodations made for employees who were not able to report to work for medical and other reasons:

Roberta Russo – fell at home, broken nose and other facial injuries. 2 weeks Spring of 2024.

Rishab Thapa – Car accident on the way into work.  1 day off.  9/6

Rishab Thapa – Covid – 1 week off.  8/12-8/16

Rishab Thapa – breathing complications from Covid – 1 day off.  8/23

Madaline Nunez – stomach pain – 1 day off.  8/12

Madaline Nunez – needed auto inspection sticker – ½ day off.  9/3

Madaline Nunez – reaction to Covid/Flu vaccine – ½ day off. 9/16

Jonathan Evans – Urgent Care appointment and follow up – ½ day off.  9/16

Leanne Belliveau – Auto accident. 1 day off.  8/29.

Leanne Belliveau – became ill at work.  Called Paramedics.  Taken to hospital.  1 ½ days off. 8/26-8/27

Cam Freeman – Covid.  4 days off. 8/13-8/16

Mike Torres – Covid 5 days off. 8/12-8/16

Todd Wilson – 3 weeks for surgery and recovery.  6/7-6/28

Angel Zamorano – cancer surgery. 3 months off – October 2019.

Doug Cesero – surgery – 6 weeks. March 2024.

Kyle Cunningham – stroke.  5 weeks. November 2023

Kyle Cunningham – surgery to repair heart. 5 weeks.  January 2024.