UNITED STATES DISTRICT COURGT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC PROPERTY MANAGEMENT CORP. AND DIVERSIFIED FUNDING, INC.,<br><br>    Defendants. | Civil Action No.:<br>1:24-cv-10370 |

**OPPOSITION TO EQUAL EMPLOYMENT OPPORTUNITY COMMISSION MOTION TO COMPEL**

Defendants Atlantic Property Management Corp. ("Atlantic" or "Defendant) and

Diversified Funding, Inc. ("DFI") (collectively, "Defendants)") opposes the Motion to Compel

from Plaintiff Equal Employment Opportunity Commission (EEOC).

The only substantive disagreement at issue in the EEOC's Motion concerns the request

for documents concerning finances and business from 2021 to the present. (Pl. Mem. of Law at

3-5.) As explained further below, Defendants has supplemented its discovery and provided

Supplemental Answers to Interrogatories, Supplemental Responses to Requests for Document

Production, and produced additional documents that address each of the other areas of

disagreement raised in the EEOC's Motion or are in the process of doing so. Thus, this Court

need only address the issue of the financial and business records, and specifically, whether the

EEOC's allegations, even if true, allow a finding of punitive damage. Since EEOC does not

allege sufficient facts to support punitive damages, EEOC has no grounds for discovery of the

financial and business records of Defendants and the Motion for discovery of such records should be denied.

1.      The Court Should Deny The EEOC's Motion for Discovery of Financial and Business Records.

   A.      The EEOC Did Not Allege Facts To Support A Finding of Punitive Damages

A party may seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). EEOC's discovery requests for financial and business records does not meet this standard because the Complaint does not allege facts, even with favorable inferences, to support the remedy of punitive damages.

The EEOC made a single allegation in the Complaint concerning punitive damages, alleging that Defendant's actions were done with "malice and/or with reckless indifference to Gunther's federally protected rights." Complaint, ¶23. This legal allegation simply repeats the standard that the EEOC must satisfy at trial to recover punitive damages under Title VII. *See McDonough v. City of Quincy,* 452 F.3d 8, 23(1st Cir. 2006) ("[T]he plaintiff must make the additional showing that the employer acted with malice or reckless indifference to federally protected rights."), *citing Kolstad v. American Dental Ass'n,* 527 U.S. 526, 536 (1999). This is not a factual allegation, however.

As the First Circuit has explained, the malice and reckless indifference under the punitive damages standard concern "not the employer's awareness that it is discriminating, but the employer's *knowledge* that it is acting in violation of federal law." *McDonough*, 452 F.3d at 24 (emphasis added). Intentional discrimination does not suffice to establish punitive damages.

2

"There will be cases, moreover, in which the employer discriminates with the distinct belief that its discrimination is lawful." *Kolstad*, 527 U.S. at 537. This case, as the Complaint makes clear, is precisely this situation.

There are no allegations in the Complaint that the Defendants *knew* it was discriminating against and violating Gunther's federally-protected rights. In fact, the Complaint alleges just the *opposite*. The Complaint alleges:

> Controller Foote e-mailed Gunther requesting that Gunther give the EAA job description to her medical provider so that the provider could advise on whether there would be any limitations on Gunther's ability to perform the job and whether Gunther would need reasonable accommodations. (Complaint, ¶16(p))

> Defendants sent Gunther a letter requesting that she provide its questions to her medical provider to assess whether Defendants could accommodate her. Specifically, the letter requested the doctor provide as much detail as possible about how frequently the employee will need time off for treatment, the length of any appointment for treatment, and the length of any periods of recovery." (Complaint, ¶16(t))

> Gunther provided Defendants with a doctor's note dated October 19, 2021 responding to the Defendants' inquiry. The note stated Gunther could perform the duties of the EAA position, but she would need time off for treatments consisting of 4-5 hours a week, then surgery and recovery (date and length unknown), and thereafter, 4-5 hours of treatment every week. The note also noted Gunther may need 1-3 unplanned days off per month due to symptoms. (Complaint, ¶16(u))

> On October 28, 2021, Foote e-mailed Gunther noting the Defendants were very sorry about her diagnosis and attaching a letter rescinding her offer of employment due to her need to be out of the office at times for treatment. (Complaint, ¶16(v))

These *factual* allegations show that Defendants engaged in an interactive process to determine whether it could accommodate Gunther's disability and reached the conclusion that it could not accommodate her. Indeed, the EEOC alleges that the Defendants knew their legal

3

obligations under Title VII and attempted to comply with those obligations. Defendants attempted an interactive process with Gunther by seeking information *and further* information from her medical provider, then reached a conclusion about its legal obligations after engaging in this interactive process concerning Gunther's specific request for an accommodation.

While Defendants do not dispute that punitive damages *can* be available under Title VII, such damages are only available when the Defendants act with malice or reckless indifference to the Plaintiff's federal rights. EEOC alleges *no* facts that allow an inference of malice or reckless inference. In fact, the facts alleged by the EEOC show the Defendants *did not* act with malice or reckless indifference to Gunther's rights. Since punitive damages is not an independent claim, Defendants have not moved to dismiss this remedy; but the EEOC should not be permitted to seek discovery for a remedy that their own allegations do not support.

B.      The Other Grounds Offered by The EEOC for The Records Are Meritless.

The EEOC makes other arguments concerning the financial and business records that the Court can readily dispatch. On the issue of joint employment, the Defendants have agreed to a stipulation on their joint employer status (solely for purposes of this action). Affidavit of Joseph Sulman, ¶2, Exhibit 1. On the issue of undue burden, the Defendants cite to a case from District of New Hampshire under the ADA concerning structural changes to a building to make it comply with the ADA and whether such changes were "readily achievable." *Davis v. Jacob S. Ciborowski Family Tr.*, No. 11-cv-436-PB, 2012 U.S. Dist. LEXIS 123378, at *8 (D.N.H. Aug. 30, 2012); Pl. Mem. of Law at 5. Such a question of whether an owner can afford to make its building handicap-accessible in compliant with the ADA raises clear financial questions not at issue in a matter concerning a single employee's request for a workplace accommodation, at least not without further evidence that cost is raised specifically as part of the affirmative

defense. Here, the EEOC does not offer anything more than the Defendants' undue burden affirmative defense as justification for its intrusive request for financial and business records. More should be required to justify the discovery.

2.      Defendants' Supplemented The Discovery.

The Defendants served Supplemental Responses to Requests for Production on March 24, with a supplemental Responses to Requests 18, 33, and 34, and payroll records of additional executive administrative assistants. The Defendants served a privilege log to EEOC on March 26, 2025 and Supplemental Answers to Interrogatories on March 27, 2025, with supplemental Answers to Interrogatories 1, 4, and 6. Affidavit of Joseph Sulman, ¶3.

The EEOC also seek production of ESI via search terms sent to Defendants. Defendants do not object to this request. Defendants informed EEOC on October 21, 2024 that its IT vendor would run the search terms on the Defendant's email server.[1] EEOC did not respond to this offer and thus Defendants did not run the search terms until a discovery deficiency letter arrived on January 29, 2025. Sulman Aff., ¶5. EEOC now seeks the results of the search terms and the Defendants are in the process of producing any results. *Id*., ¶6.

EEOC also seeks correction of native format production. The Defendants are in the process of correcting the previously produced native documents and producing them.

[remainder of page intentionally left blank]

---

[1] The Defendant's October 21 offer to use its IT vendor was a compromise offer in response to the EEOC's request to have the Defendants retain an ESI vendor to run the search. Sulman Aff., ¶4. Defendants objected to retaining an ESI vendor, as doing so would have required uploading each custodian's entire email account to the ESI vendor's platform whereas the IT vendor simply needed to access to email system and search the system remotely. *Id.,* ¶5.

Conclusion

For the foregoing reasons, the Court should deny the EEOC's Motion to Compel.

>DEFENDANTS ATLANTIC PROPERT MANAGEMENT
>CORP. AND DIVERSIFIED FUNDING, INC.
>By their attorneys,
>
>/s/ Joseph Sulman
>Joseph L. Sulman, BBO #663635
>LAW OFFICE OF JOSEPH L. SULMAN
>255 Bear Hill Road, Suite 204
>Waltham, MA 02451
>(617) 521-8600
>jsulman@sulmanlaw.com

Certificate of Service

I hereby certify that this Opposition was served on counsel of record for Defendants on March 31, 2025 by ECF.

>/s/ Joseph Sulman
>Joseph L. Sulman

6