# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**
Eastern Division

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br> Plaintiff, <br><br> v. <br><br> **ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVERSIFIED FUNDING, INC.**, <br><br> Defendants. | Civil Action No.  1:24-cv-10370-AK |

## <u>PLAINTIFF EEOC'S REPLY IN SUPPORT OF MOTION TO COMPEL</u>

Defendants' belatedly filed Opposition to the Plaintiff Equal Employment Opportunity Commission's ("EEOC") Motion to Compel (Doc. No. 21) fails to demonstrate why they should not be compelled to produce financial records and other requested discovery that is now *nine months overdue*.

### A.  The Court Should Not Consider Defendants' Untimely Opposition.

The EEOC filed its Motion to Compel (Doc No. 18) on March 14, 2025. Pursuant to the Local Rules, Defendants' Opposition was due on March 28, 2025. *See* L.R. 7.1(b)(2).  Defendants filed their Opposition on March 31, 2025, without justification for the late filing or a request for this Court to accept a late filing.[1] Defendants' incomplete Opposition should therefore be disregarded by this Court due to their failure to timely file.

### B.  EEOC is Entitled to Discovery Regarding Defendants' Financial Condition.

Nonetheless, Defendants' Opposition, fails to provide a compelling argument not to grant the EEOC's Motion. Defendants do not cite any case law to support their argument that the EEOC's

---

[1] Defendants also cite to an Affidavit for support of their Opposition that, to date, has not been filed.

Complaint fails to properly plead a request for punitive damages sufficient to merit discovery related to punitive damages.[2] *McDonough v. City of Quincy*, 452 F.3d 8 (1st Cir. 2006)—the only case Defendants cite in support of their argument—discusses the standard for instructing a jury to consider punitive damages in a Title VII case and is therefore irrelevant to the sufficiency of a pleading for the purposes of discovery in an ADA case.

By alleging in its Complaint that Defendants acted with "malice and/or with reckless indifference to Gunther's federally protected rights," the EEOC has adequately and sufficiently pled its request for punitive damages. *See* ECF 1 ¶ 23. A plaintiff is not required to plead specific facts supporting a requested remedy. *See Johnson v. Rapid Sheet Metal*, LLC, 560 F. Supp. 3d 623, 630 (D.N.H. 2020) ("The discretionary nature of punitive damages awards—and the fact that they are awarded to benefit the public, not the plaintiff—supports the conclusion that the availability of such awards should not depend upon how a plaintiff structures his complaint."); *Jorgenson v. United States,* No. 1:17-cv-00817-LJO-EPG (PC), 2019 WL 4318493, at *5 (E.D. Cal. Sept. 12, 2019) (R. and R. adopted, 2019 WL 4857576 (E.D. Cal. Oct. 1, 2019)) ("[I]t makes little sense to require detailed factual allegations to support a demand for punitive damages").

Without citation to legal authority, Defendants appear to argue that their financial records are only relevant to their undue burden defense if they affirmatively argue that it is an undue *financial* burden. *See* ECF 21 at 4. But Defendants do not provide any legal support for that assertion and have not made clear the basis for their alleged undue burden defense. Indeed, the ADA is explicit in stating that, among the factors to consider as to whether an accommodation would result in an undue hardship for the employer, are "the overall financial resources of the

---

[2] Although Defendants exclusively reference Title VII in their response (*see* Doc. No. 21), the EEOC brings this case under the ADA.

2

facility or facilities involved" and "the overall financial resources of the covered entity." . *See* 42 U.S.C. § 12111(10)(B)(ii)-(iii); *see also Reed v. LePage Bakeries, Inc.,* 244 F.3d 254, 260 (1st Cir. 2001) (Factors to consider when assessing undue hardship include "the particular limitations on [Defendants'] financial resources, or other hidden costs, such accommodation imposes."); *Ward v. Massachusetts Health Rsch. Inst., Inc.*, 209 F.3d 29, 37 (1st Cir. 2000) (same). Because the EEOC has requested punitive damages as a remedy and Defendants assert an undue hardship defense, the EEOC is entitled to discovery related to Defendants' financial condition. [3]

### C. The Court Should Compel Defendants to Produce Responsive Documents.

While Defendants provided some supplemental discovery after the EEOC filed its Motion to Compel,[4] Defendants still have not provided: 1) a full response to Document Request No. 8;[5] 2) documents identified in the parties' agreed-upon ESI search; or 3) a corrected production of the documents sent to the EEOC on February 4. Defendants represent in their Opposition that they are "in the process of producing" these documents. But this has been Defendants' consistent refrain since July 2024. They have repeatedly refused to commit to a date certain for production of their outstanding discovery, which is why the EEOC seeks the Court's assistance. The discovery deadline is now less than a month away, and the EEOC has been prejudiced by having to take its depositions without the benefit of full responsive discovery. Thus, an order compelling Defendants to produce these records by a date certain is necessary to ensure that Defendants comply with their discovery obligations.

---

[3] Joint employer status is no longer contested by Defendants. *See* Joint Stipulation, Doc. No. 20.

[4] On March 24, 26 and 27, after EEOC had moved to compel, Defendants emailed supplemental discovery to the EEOC resolving the issues with responses to Request Nos. 18, 33, and 34 and supplied updated answers to Interrogatory Nos. 1, 4, and 6.

[5] Request No. 8 seeks payroll records for all individuals who have held the executive assistant role from January 1, 2021 to the present. In their supplemental production, Defendants supplied payroll records for four of the six individuals who held the position but have not produced payroll records for Elizabeth Roesel and Rebecca Foote.

3

Based on the foregoing, the EEOC respectfully requests this Court order Defendants to produce on a date certain: (1) financial documents; (2) documents responsive to Request No. 8; (3) a corrected production of the documents sent on February 4; and (4) the results from the ESI search. The EEOC also requests this Court order Defendants to pay reasonable expenses including attorneys' fees as of right under Federal Rule of Civil Procedure 37(5)(A).

Dated:  April 4, 2025                                              Respectfully submitted,


  /s/ *Lindsay C. Sfekas*

LINDSAY C. SFEKAS
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5284
lindsay.sfekas@eeoc.gov

  /s/ *Gena Miller*

GENA MILLER
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5343
gena.miller@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, a copy of the foregoing was filed electronically using the CM/ECF system. Transmission of the Notice of Electronic Filing through the court's transmission facilities will constitute service of the filed document upon registered ECF users.

Dated: April 4, 2025

/s/ Lindsay C. Sfekas
Lindsay C. Sfekas