**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**
Eastern Division

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVERSIFIED FUNDING, INC.**, <br><br> Defendants. | Civil Action No.  1:24-cv-10370-AK |

## MEMORANDUM OF LAW IN SUPPORT OF THE EEOC'S MOTION TO ENFORCE COMPLIANCE WITH COURT ORDER DATED APRIL 11, 2025

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC"), seeks an order requiring Defendants', Atlantic Property Management Corporation and Diversified Funding, Inc. (collectively, "Defendants"), compliance with the Court's April 11, 2025 Order (Doc. No. 27) granting the EEOC's motion to compel (Doc. No. 17), and requiring Defendants to produce certain electronically stored information (ESI) and financial records requested by the EEOC. The EEOC also requests this Court order Defendants to submit a certification of the ESI searches performed by Defendants, including the specific steps taken by Defendants' IT Services Vendor/ESI consultant, to accompany Defendants production, because it appears that Defendants have failed to produce requested, relevant documents that are known to have existed and should have been identified if Defendants had conducted an adequate ESI search. The EEOC further requests that if the Defendants do not produce documents within five days of any order granting this Motion, the court instruct the jury on adverse inferences.

1

## I.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(b)(2) states that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." This rule "gives the district court a veritable arsenal of sanctions for failure to comply with discovery orders[.]'" *Crispin-Taveras v. Mun. of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011) (citation omitted). In reviewing a motion pursuant to Federal Rule of Civil Procedure 37(b) and determining the appropriate sanction, courts consider "a non-exhaustive list of factors" including:

> the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions . . . . whether the district court gave the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against the imposition of such a penalty.

*AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 429, 435 (1st Cir. 2015) (citing *Vallejo v. Santini-Padilla*, 607 F.3d 1, 8 (1st Cir. 2010)).

## II.    ARGUMENT

On March 14, 2025, the EEOC filed a motion to compel Defendants to produce, among other things, the financial records from the EEOC's First Request for Production and responses to the ESI search to which the parties agreed. *See* Doc. No. 17; Doc. No. 18. On April 11, 2025, the Court granted the EEOC's Motion to Compel (Doc. No. 17), ruling that "Defendants' finances are relevant" to punitive damages in this case and extending the fact discovery deadline "to accommodate the production of financial records and outstanding discovery responses." Doc. No. 27.

Despite the Court's order, Defendants' production of both ESI and financial records remains deficient, and their explanations for those deficiencies are suspect. As detailed below, Defendants rejected the EEOC's suggestions for potentially curing obvious omissions in

Defendants' ESI production, did not timely produce financial documents even after the EEOC narrowed the scope of its requests, and based on the testimony of Defendants' 30(b)(6) witness, it appears that Defendants have withheld documents that are relevant to assessing a true picture of Defendants' actual financial worth.

### a. Defendant's ESI Supplementation of Three Emails from a Single Custodian Fails to Resolve Questions About the Sufficiency of Defendants' ESI Search.

During the April 10, 2025 hearing, the EEOC advised the Court that it had concerns with Defendants' ESI searches because it appeared that Defendants only produced ESI from one custodian's mailbox (Cheryl Foote, the Controller), and the EEOC had identified an email that had been provided by Charging Party, but not produced by Defendants, that was responsive to the search terms and relevant. *See* Ex. 1 to Lindsay Sfekas Decl. ("Decl.") at 6:24–7:19. In ordering the Defendants to produce outstanding discovery, including the ESI results, the Court told Defendants that failure to do so by May 30, 2025, would result in a penalty. *Id.* at 16:11–12.

On May 2, 2025, almost a month after the Court's order, Defendants supplemented their ESI production with only three additional emails, again from that same custodian, Cheryl Foote. *See* Ex. 2. Defendants still did not produce the email known to exist and identified during the April 10, 2025, hearing. *See id*. As a result, the EEOC emailed Defendants requesting verification of the custodians searched and search terms used. *Id*. When Defendants failed to respond, the EEOC sent a letter to Defendants identifying these continued deficiencies. *See* Ex. 3. On May 6, 2025, Defendants replied: "We ran the search terms exactly as requested on the custodians listed. We received hundreds of documents in response to the search terms, reviewed the documents for responsiveness, and produced the documents that we found." Ex. 4.

EEOC then identified in its *own* production two more relevant emails between Charging Party and Defendants that Defendants should have collected in their ESI search; however, these

3

emails were not in Defendants' production. Decl. ¶ 3. To cooperatively and efficiently address potential problems in Defendants' IT Vendor's search execution that could have led to its deficient production, the EEOC suggested that the parties' respective IT/e-discovery consultants confer directly by phone. *See* Ex. 5. Defendants refused to do so. *See id.* During the call, Defense counsel stated that his assistant had first reviewed Defendants' ESI collection before he did, and he did not know if his assistant had erroneously marked the emails irrelevant or if Defendants failed to preserve them; nonetheless, Defense counsel represented that no spoliation had occurred. *See* Decl. at ¶ 4.

After the call on May 14, 2025, the EEOC exchanged emails and letters with Defendants enclosing copies of the emails they failed to produce and seeking more information. *See* Ex. 6. Defendants continued to provide partial or non-clarifying responses, including: a screenshot only showing that Defendants' IT Vendor had run one search instead of all three of the agreed upon searches; an acknowledgement that Defendants did not provide documents from one of the agreed upon custodians, Roberta Russo; and a general statement that counsel would discuss this with his clients sometime *after* the fact-discovery deadline *See* Ex. 7; Decl. at ¶ 5.

To date, notwithstanding this Court's order, Defendants have failed to: (1) produce emails known to exist which are certain to have been identified in a competent ESI search; (2) demonstrate that they completed the three searches to which the parties agreed; (3) produce emails from the agreed upon custodian, Ms. Russo, and (4) state whether and how they have searched Defendants' custodians' cell phones. These failures violate the Court's previous discovery order. *See* Doc. No. 27. "Disobedience of court orders is inimical to the orderly administration of justice . . . ." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003). The EEOC attempted to resolve these deficiencies without need for additional intervention by the Court, but Defendants neither provided clarification

4

on what searches were run and why certain emails were omitted from their production, nor have they provided the results from the search of Ms. Russo's mailbox. *Id.* This is prejudicial to the EEOC because discovery is ending and, even though the EEOC timely moved to compel and this Court timely ordered the production of this information, Defendants have failed to produce it, depriving the EEOC of relevant and responsive documents, and the use of these documents in depositions and potentially in dispositive motions due on July 18, 2025.

The EEOC first requested the discovery at issue in this motion **eleven months ago**. "A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions." *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 37 (1st Cir. 2012); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (courts have inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process."). Defendants should be ordered to comply with this Court's April 11 order within five (5) days, and also ordered to file an affidavit identifying the custodians and/or locations searched, describing how the searches were conducted, identifying the specific keywords searched, the time period covered by each search, whether the emails identified by the EEOC as not produced were collected by these search results; and if not, whether the emails identified by the EEOC as not produced were destroyed, when and by what means. *See Bassett v. Tempur Retail Stores, LLC,* No. CV 22-11127-NMG, 2024 WL 100475, at *1 (D. Mass. Jan. 9, 2024) (ordering the defendants to submit a statement about their ESI collection after noting that nine months was too long for a search for documents to be ongoing).[1] The EEOC also requests that if Defendants fail to comply with an order granting this Motion within five days, the Court instruct a jury in any trial in this case that

---

[1] After receipt of a complete production, the EEOC may be forced to ask the Court's permission to re-open key management depositions for the specific purpose of addressing documents produced after the close of discovery as a result of Defendants' failure to comply with the Court's April 11 order.

Defendants failed to comply with a court order and the jury shall infer that ESI evidence would have been unfavorable to Defendants. *See Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 20 (1st Cir. 2009) ("[A]n adverse inference instruction may be allowed when a party fails to produce a document that exists or should exist and is within its control.").

### b. Defendants' Failure to Provide Requested Financial Records Despite the EEOC's Good Faith Efforts to Narrow Its Requests.

During the hearing on April 10, 2025, the Court expressed its concern that the EEOC's request for production of financial information may seek "redundant" information. *See* Ex. 1 at 19:15–22. The EEOC agreed to discuss with Defendants how they kept their accounting records to avoid redundancy. *Id.* at 20:16–20. The Court stated any production of documents ordered should be done as soon as they become available. *See id.* at 25:12–15. Then, on April 11, 2025, this Court granted in full the EEOC's Motion to Compel financial records. *See* Doc. No. 28.

Thereafter, the parties had iterative discussions over what documents would satisfy the EEOC's request for financial records and avoid redundancy. *See generally* Ex. 9. Defendants stated they would only produce their 2021–2023 federal tax records, despite the EEOC's objection that these documents would not provide the categories of financial information requested or a full picture of Defendants' financial condition in 2024 or 2025. *See id*. In a May 14, 2025, telephone conferral, the EEOC identified the following documents as the minimum records it would need to demonstrate Defendants' financial condition in support of EEOC's request for punitive damages:

a) Defendants' annual balance sheets from 2021–2024 and quarterly balance sheets for 2025;
b) Diversified Funding's profit and loss or income statement for 2023;
c) Defendants' profit and loss or income statement for 2024, and quarterly statements in 2025; and
d) Defendants' annual cash flow statements from 2021–2024, and quarterly statements in 2025.

*See* Decl. at ¶ 7; Ex. 6.

The EEOC offered a compromise: if Defendant produced the specific financial records listed above and stipulated to their authenticity, then the EEOC would agree to cancel the 30(b)(6) deposition of Defendants scheduled for May 20, 2025, which the EEOC noticed in part to understand Defendants' financial condition. *See* Decl. at ¶ 7. Soon after the May 14, 2025, conferral, Defense counsel emailed the EEOC stating: "I just spoke with my client and Mr[.] Bendetson is amenable to the stipulation that we discussed. I am working on collecting the documents and we hope to have the records by the end of the week and able to turn them over by Monday [May 19, 2025]." *See* Ex.10.

On May 16, 2025, the EEOC requested Defendants produce the agreed upon documents by noon on May 19, 2025—the day prior to the scheduled deposition. *See* Ex. 11 at 3–5. Defendants did not respond to this email, so the EEOC called Defense counsel around 11:00 a.m. on May 19, 2025. *See* Decl. at ¶ 8. During that call, Defense counsel stated that Defendants would be producing the responsive documents shortly. *See id.* But at 11:17 a.m., Defense counsel changed tack, stating that Defendants do not keep the requested records and instead, produced a spreadsheet created solely for this litigation identifying some financial information for 2020 to the first quarter of 2025. *See* Ex. 11 at 2–3 ("When I agreed to provide documents, it was with the understanding that it was documents that my client had in its possession and control. I have no control as to what financial documents my client, as a business, creates or does not create in its in its normal course of business."). Defense counsel further stated that if the EEOC moved forward with the 30(b)(6), then Defendants were withdrawing this spreadsheet. *See id.* at 3. ("This is what my client will stipulate to if you want to take off tomorrow' [sic] deposition. If not, then this is being withdrawn and you can go ahead with tomorrow' [sic] deposition.").

The EEOC proceeded with the 30(b)(6) deposition as scheduled. *See* Decl. at ¶ 9. During that deposition, Defendants admitted their profit, loss, income, and cash flow metrics on their tax returns may diverge from the financial information contained in their own accounting records, but without the aid of the documents the EEOC sought and Defendants refused to produce, could not recall by how much they differed. *Id.* Moreover, the deponent testified that all the information the EEOC sought was contained in what the company identifies as the "trial balance sheet." *Id.* The deponent testified that she had access to the trial balance sheet on an application called Genark and estimated that it takes about thirty seconds for the company to generate a report from Genark. *Id.* Further, she stated that Genark reports can be exported to Excel. *Id.*  After the deposition, the EEOC asked multiple times if Defendants would produce the trial balance sheets as it appeared to be the most responsive document to the EEOC's request for financial records. Defendants refused. *See* Ex. 12.

Defendants' deficient, drib drab production of its financial documents in defiance of this Court's order has also prejudiced the EEOC. Because of Defendants' last-minute refusal to produce financial records responsive to EEOC's narrowly tailored request, the EEOC does not have the financial information that the Court previously ordered. Defendants—through their designee who is also their comptroller—have now identified the report that contains all of the information the EEOC seeks but, despite the Court's warning that failure to comply with its order would result in penalty, Defendants continue to refuse to produce it. Accordingly, the EEOC requests this Court compel the production of Defendants' annual trial balance sheets from 2020 – 2024 and each quarter of 2025 to present within five (5) days. Additionally, the EEOC respectfully requests that if Defendants do not produce these financial documents within five (5) days of an order granting this Motion, the Court in any trial in this case instruct the jury that

Defendants failed to comply with a court order to produce financial records and the jury shall consider that the information is unfavorable to Defendants and also preclude Defendants from asserting that the EEOC is not entitled to punitive damages. *See U.S. v. St. Michael's Credit Union*, 880 F.2d 579, 597 (1st Cir.1989) ("[T]he failure of a party to produce available evidence that would help decide an issue may justify an inference that the evidence would be unfavorable to the party to whom it is available").

### III.    CONCLUSION

For the reasons set forth above, the EEOC requests that this Court order Defendants, within five (5) days, to:

1. Perform a competent search of electronically stored information and produce the responsive results;

2. In conjunction with that search, file an affidavit identifying the custodians and/or locations searched, describing how the searches were conducted, identifying the specific keywords searched, the time period covered by each search, whether the emails identified by the EEOC as not produced were collected by these search results; and if not, whether the emails identified by the EEOC as not produced were destroyed, when and by what means;

3. Produce the Defendants' annual trial balance sheets from 2020 to 2024 and for each quarter in 2025 to present;

4. If Defendants do not produce the requested ESI documents and verification within five (5) days of an order granting this Motion, the Court in any trial related to this case instruct the jury that Defendants failed to comply with a court order and the jury shall infer that ESI evidence would have been unfavorable to Defendants; and

5.  If Defendants do not produce the requested ESI documents and verification within five (5) days of an order granting this Motion, the Court in any trial related to this case instruct the jury that Defendants failed to comply with a court order to produce financial records and the jury shall consider that the information is unfavorable to Defendants and preclude Defendants from asserting that the EEOC is not entitled to punitive damages.

Dated:  May 30, 2025                                    Respectfully submitted,

                                                         /s/ *Lindsay C. Sfekas*

                                                        LINDSAY C. SFEKAS
                                                        *Counsel for Plaintiff EEOC*
                                                        U.S. EQUAL EMPLOYMENT
                                                        OPPORTUNITY COMMISSION
                                                        New York District Office
                                                        33 Whitehall Street, 5th Floor
                                                        New York, NY 10004
                                                        (929) 506-5284
                                                        lindsay.sfekas@eeoc.gov

                                                         /s/ *Gena Miller*

                                                        GENA MILLER
                                                        *Counsel for Plaintiff EEOC*
                                                        U.S. EQUAL EMPLOYMENT
                                                        OPPORTUNITY COMMISSION
                                                        New York District Office
                                                        33 Whitehall Street, 5th Floor
                                                        New York, NY 10004
                                                        (929) 506-5342
                                                        gena.miller@eeoc.gov

## LOCAL RULE 37.1(b) CERTIFICATE

I hereby certify that Plaintiff U.S. Equal Employment Opportunity Commission has attempted in good faith to obtain the Defendants' agreement in the requested relief pursuant to Local Rule 37.1(b).

Dated: May 30, 2025

/s/ *Lindsay C. Sfekas*
LINDSAY SFEKAS

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, a copy of the foregoing was filed electronically using the CM/ECF system. Transmission of the Notice of Electronic Filing through the court's transmission facilities will constitute service of the filed document upon registered ECF users.

Dated: May 30, 2025

/s/ *Lindsay C. Sfekas*
LINDSAY SFEKAS

11