**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**
Eastern Division

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVERSIFIED FUNDING, INC.**, <br><br> Defendants. | <br><br><br><br><br><br> Civil Action No.  1:24-cv-10370-AK |

**DECLARATION OF ATTORNEY LINDSAY SFEKAS AND EXHIBIT**
**LIST IN SUPPORT OF THE EEOC'S MOTION TO ENFORCE**
**COMPLIANCE WITH APRIL 11, 2025 COURT ORDER**

I, Lindsay Sfekas, declare:

1. I am a Trial Attorney for the U.S. Equal Employment Opportunity Commission (the "EEOC"), and I have personal knowledge of the facts set forth in this Declaration.  I submit this Declaration in support of the EEOC's Motion to Enforce.

2. Attached as exhibits hereto are true and accurate copies of the following documents:

| Exhibit Number[1] | Date of Document | Description of Document |
|---|---|---|
| **Ex. 1** | 4/10/2025 | Transcript from Motion to Compel Hearing |
| **Ex. 2** | 5/2/2025 | Email correspondence between counsel |

---

[1] To ensure that the ECF number following the hyphen is the same as the exhibit number, the EEOC is filing this Declaration separately from its Motion and Memorandum.

| Ex. 3 | 5/5/2025 | EEOC letter to Defendants |
|---|---|---|
| Ex. 4 | 5/6/2025 | Email correspondence between counsel |
| Ex. 5 | 5/13/2025 | Email correspondence between counsel |
| Ex. 6 | 5/14/2025 | EEOC letter to Defendants |
| Ex. 7 | 5/28/2025 | Email correspondence between counsel |
| Ex. 8 | 5/23/2025 | Email correspondence between counsel |
| Ex. 9 | 4/25/2025 | Email correspondence between counsel |
| Ex. 10 | 5/14/2025 | Email correspondence between counsel |
| Ex. 11 | 5/19/2025 | Email correspondence between counsel |
| Ex. 12 | 5/23/2025 | Email correspondence between counsel |

3. On or around May 6, 2025, the EEOC identified two additional relevant emails in EEOC's production between Charging Party and Defendants that should have been identified and produced as part of Defendants' ESI production but were not.

4. On Wednesday, May 14, 2025, the parties conferred about discovery issues. During the call, Defense counsel stated that his assistant had first reviewed Defendants ESI collection before he did, and he did not know if his assistant had erroneously marked the emails irrelevant or if Defendants failed to preserve them; nonetheless, defense counsel represented that no spoliation had occurred.

5. On May 29, 2025, the parties again conferred about discovery issues. During the call, Defense counsel represented Defendants have rerun the ESI search and he would talk to Defendants about it sometime next week after the close of discovery.

6. To date, Defendants have not provided clarification on what searches were run or why certain emails were omitted from their production. They also have not provided the results from the search of Ms. Russo's mailbox.

7. Also during the May 14, 2025 conferral, the EEOC identified financial documents it believed were necessary. These documents are identified in Exhibit 6. The EEOC offered to cancel the 30(b)(6) deposition if the Defendants provided these documents.

8. On May 19, 2025, the EEOC called Defendants around 11:00 a.m. to ask whether Defendants intended to produce the agreed upon financial records. Defendants confirmed the documents would be sent shortly.

9. The EEOC deposed Defendants' 30(b)(6) witness, Cheryl Foote, on May 20, 2025. During the deposition, the corporate deponent testified:
   a. She did not begin preparing for the deposition until one week prior to the deposition.
   b. Defendants' profit, loss, income, and cash flow metrics do not always coincide with the actual financial information contained in their own accounting records, but without the aid of the documents the EEOC sought and Defendants refused to produce, could not recall by how much they differed.
   c. All the financial information the EEOC sought was contained in what the company identifies as the "trial balance sheet."
   d. She had access to the trial balance sheet on an application called Genark and estimated that it takes about thirty seconds for the company to generate a report from Genark. Genark reports can be exported to Excel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

 Dated: May 30, 2025

 /s/ *Lindsay C. Sfekas*
LINDSAY C. SFEKAS
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION