# EXHIBIT 6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

JFK Federal Building
15 New Sudbury Street, Room 475
Boston, MA 02203-0506
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Boston Direct Dial:  (617) 865-3670
FAX (617) 565-3196
Website:  www.eeoc.gov

May 14, 2025
**VIA EMAIL**

Joseph L. Sulman, Esq.
LAW OFFICE OF JOSEPH L. SULMAN
255 Bear Hill Road, Suite 204
Waltham, MA 02451
jsulman@sulmanlaw.com

        RE     *U.S. Equal Employment Opportunity Commission v. Atlantic Property Management Corp. and Diversified Funding, Inc.*, 1:24-cv-10370-AK

Dear Counsel:

I write in follow up to our telephone conference on May 14, 2025, discussing the Court ordered production of Defendants' financial information and electronically stored information. We also discussed Defendants' failure to respond to the Second Set of Request for Production of Documents and Second Set of Interrogatories.

I.  Financial Documents

The Court granted EEOC's motion to compel financial documents. Both parties agreed that the Court encouraged the parties to confer on the records to be produced.  At this time, Defendants have not produced any records of either entity's finances in 2024 or 2025, but have provided Diversified Funding's federal tax returns for 2021 and 2022 and Atlantic Properties Management Corp.'s tax returns for 2021, 2022, and 2023. During the call, Defendants represented that Diversified Funding's tax returns should have been included in this production and will be produced as soon as possible. Moreover, the tax returns lack standard metrics of a business's worth, such as balance sheets and statements of cash flow. As we discussed, many businesses maintain different records for tax purposes than for other business purposes, such as lending.

Therefore, at a minimum, the EEOC needs:

- Defendants' annual balance sheets from 2021–2024 and quarterly balance sheets for 2025;
- Diversified Funding's profit and loss or income statement for 2023;
- Defendants' profit and loss or income statement for 2024, and quarterly statements in 2025; and
- Defendants' annual cash flow statements from 2021–2024, and quarterly statements in 2025.

The EEOC has offered to forgo a 30(b)(6) deposition if these records are produced, and a stipulation is signed by both parties verifying the records are business records and are accurate. In order for the EEOC to cancel this deposition, the production and the stipulation would need to be finalized prior to May 20, 2025, the scheduled date of the deposition.

II.  Electronically Stored Information

The Parties also discussed the EEOC's concern that there were errors in Defendants' ESI search. In February, the parties agreed to search terms and four custodians: Richard Bendetson, Cheryl Foote, Roberta Russo and Samantha McCourt. On May 2, 2025, Defendants produced the results from their search which was only three emails from Cheryl Foote's account. The EEOC notified Defendants that there was at least one email that Charging Party had produced that Defendants had not. The EEOC has also discovered two other emails that should have been a hit on the agreed upon search terms but were not produced by Defendants. The three emails are enclosed with this letter. The EEOC's internal Litigation Support Manager attend the call to help discern why these documents did not come up in the search. The EEOC requested that the Defendants' IT Vendor also attend the call, but Defendants refused. Defendants noted they would follow up by the end of the day tomorrow or on Monday with more information. Should the issue remain unresolved after Defendants' follow up, the EEOC requests that Defendants make their IT Vendor available soon to discuss this issue further, because discovery closes May 30, 2025.

III. Second Set of Request for Production of Documents and Second Set of Interrogatories

The Parties also discussed Defendants' overdue responses to the Second Set of Request for Production of Documents and Second Set of Interrogatories. In the call, Defendants stated the responses and production of documents will be provided no later than Friday, May 23, 2025. The EEOC noted that this was prejudicial because it did not give the EEOC sufficient time to review the documents, confer with Defendants if there is a deficiency, and move to compel if necessary prior to the close of discovery on May 30, 2025, which is only four business days after the date that Defendants propose producing this information. The EEOC requests that these responses are produced by no later than May 21, 2025.

While the EEOC does believe Defendants have waived their objections to the discovery requests, the EEOC noted in the call that it would be willing to narrow the requests related to the personnel files of prior Executive Administrative Assistants. The EEOC stated it would limit the request to the following documents for each individual:

- New Hire Data Sheet
- Application for employment
- Resume
- Notes from interviews
- Notes or emails related to checking references
- Compensation analysis
- Exit Interview/Termination documents

- Any performance reviews or performance management

Defendants stated they would consider this proposal and get back to the EEOC. Defendants also noted they would notify the EEOC about whether cellphones were searched for responsive information to discovery requests.

Thank you for meeting with us today. Please notify me if there are any inaccuracies in my understanding of the call.

Sincerely,

*/s/ Gena Miller*
Gena Miller
Lindsay Sfekas

Enc.

 

## Hi Roberta, here are my references. Please let me know if you need anything else or have questions. Also thank you for your supportive words today, I really appreciate it.

1 message

**Tiffany Gunther** &lt;tiffgunther@gmail.com&gt;                                Thu, Sep 9, 2021 at 6:41 PM

Hi Roberta, here are my references. Please let me know if you need anything else or have questions. Also thank you for your supportive words today, I really appreciate it.

Kimberley Joe
(602) 703-4920
kimdjoeaz@yahoo.com

Johanna Soto
(617) 759-6364
Jsoto1127@yahoo.com

Jim Cole
(518) 779-8261
James.cole@aa.com

Case 1:24-cv-10370-AK     Document 34-6     Filed 05/30/25     Page 5 of 7

EEOC_0001062

## M Gmail

Tiffany Gunther <tiffgunther@gmail.com>

## Mass General Brigham Patient Gateway - Letters

**Tiffany Gunther** <tiffgunther@gmail.com>                          Thu, Oct 7, 2021 at 12:58 PM
To: Cheryl Foote <CFoote@dfi.cc>

Hi Cheryl,

I was able to print it off and scan it in, here's a better copy. Please let me know if you need anything else, thank you.

Best Regards,

Tiffany Gunther
Executive Assistant
(602) 703-4920
tiffgunther@gmail.com


On 10/6/21, 7:29 AM, "Cheryl Foote" <CFoote@dfi.cc> wrote:

   This link takes me to a website for which I need a sign -on.  Can you print the letter and re-send?


   Cheryl Foote
   Controller
   Diversified Funding, Inc.
   63 Atlantic Avenue
   Boston, MA 02110
   617-227-0893 ext. 665
   617-227-2995 (fax)
   cfoote@dfi.cc
   [Quoted text hidden]

### 2 attachments



**Payroll 3.jpeg**
84K



**Payroll 3 3.jpeg**
56K

EEOC_0000649

 Gmail

**Tiffany Gunther <tiffgunther@gmail.com>**

## Mass General Brigham Patient Gateway - Letters

**Cheryl Foote** <CFoote@dfi.cc>                                                Fri, Oct 8, 2021 at 4:07 PM
To: Tiffany Gunther <tiffgunther@gmail.com>

Hi Tiffany
We appreciate the letter from your doctor but would like some more detail.  We are drafting a letter to request the additional information but I don't think it will be completed today.

The start date will be dependent on her answers.

I will get back to you next week.
[Quoted text hidden]

EEOC_0000660