**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**
Eastern Division

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVERSIFIED FUNDING, INC., <br><br> Defendants. | Civil Action No.  1:24-cv-10370-AK |

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE EEOC'S SECOND MOTION TO COMPEL**

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC"), seeks an order compelling Defendants Atlantic Property Management Corporation and Diversified Funding, Inc. (collectively, "Defendants") to serve complete responses to Plaintiff's Second Set of Interrogatories and to produce documents responsive to Plaintiff's Second Set of Request for Production of Documents.

## I.    ARGUMENT

Following the same pattern that required the EEOC to seek Court intervention in March, Defendants have again failed to timely respond to the second set of written discovery requests.[1] Instead, Defendants insist that the complete responses are forthcoming at some uncertain time, after the May 31, 2025 discovery deadline.

---

[1] The background of these prior discovery disputes is contained in the EEOC's Memorandum of Law in Support of Motion to Compel, Doc. No. 18.

Specifically, on April 2, 2025, the EEOC issued its Second Set of Interrogatories ("Second Interrogatories") and Second Set of Requests for Production of Documents ("Second Document Requests") to Defendants. *See* Ex. 1 to Decl. of Lindsay Sfekas ("Decl."). By the due date, May 2, 2025, Defendants had neither responded to the discovery requests nor asked for an extension of time to respond. *See* Decl. at ¶ 3. On May 5, 2025, the EEOC asked Defendants when they intended to provide responses. *See* Ex. 2. Thereafter, on May 8, 2025, Defendants supplied *only* written responses to the Second Document Requests. *See* Ex. 3. Defendants failed to provide responsive documents or written responses to the Second Interrogatories. *See id*. The EEOC emailed Defendants again on May 9, 2025, noting that they had waived objections to the Second Document Requests and Second Interrogatories by failing to timely respond to the discovery. *See* Ex. 4. Defendants disagreed with the EEOC and, despite the EEOC's repeated requests, again failed to provide a date certain that it would provide complete responses to discovery. *See* Ex. 5.

On Wednesday, May 14, 2025, the parties conferred about discovery issues, including Defendants' failure to provide responses to the Second Interrogatories and Second Document Requests. *See* Decl. at ¶ 4. Although the EEOC requested that Defendants provide these responses by May 21, 2025, to afford the EEOC time to review the responses and documents, confer with Defendants, and move to compel, if necessary, Defendants would not commit to providing responses prior to the following Friday, May 23, 2025, four business days before the close of discovery. *Id.* at ¶ 5. The EEOC sent a follow-up letter summarizing the call and again noting that providing responsive documents and answers to interrogatories just four business days before the close of discovery and after the 30(b)(6) deposition was prejudicial to the EEOC. *See* Ex. 6.

When no discovery responses were provided on May 23, 2025, the EEOC followed up with Defendants on whether they would be providing the discovery as promised, and Defendants stated

they were "working on that," but were delayed because the employee who had access to the requested information and documents "had to prepare for the 30b6 deposition and . . . the spreadsheet that she mistakenly prepared for the proposed stipulation[2] to waive the 30b6 deposition." *See* Ex. 7. This explanation for delay is suspect: Defendants' responses were due 18 days before the 30(b)(6) deposition, and the 30(b)(6) deponent specifically noted during her testimony that she did not begin preparing for the deposition until one week prior to the deposition. *See* Decl. at ¶¶ 3, 7.

On May 27, 2025, Defendants sent just nineteen (19) pages of documents that they noted were "responsive to the Second RFPD." Ex. 8. By 10:57 a.m. on May 28, 2025, EEOC counsel reviewed the documents provided and noted numerous deficiencies in Defendants' production. *See* Ex. 9 at 1-2. Specifically, Defendants failed to provide responsive documents to the following requests despite asserting no objections:

- Request No. 42: All documents that constitute, refer or relate to job descriptions for any position Cam Freeman has had since he has been Defendants' employee.

- Request No. 44: Organizational charts demonstrating management structure and supervisory duties from January 1, 2020, to December 31, 2021, including the name of the individual in each position.

- Request No. 46: Documents reflecting any time off taken by an individual in the Executive Administrative Assistant role during the relevant time period including but not limited to email or text message correspondence.

- Request No. 47: The employee census for the years 2020 and 2021.

- Request No. 49: The job description that was attached to Elizabeth Roesel's offer letter.

- Request No. 51: All documents reflecting any request by Defendants that an employee provide a doctor's note to support a request for an accommodation or time off from work.

---

[2] *See* EEOC's Memorandum of Law in Support of Motion to Enforce, Doc. No. 32 at 6-7.

- Request No. 53: Any contracts with a staffing agency to fill the Executive Administrative Assistant role.

- Request No. 54: Any communications with staffing agencies about providing a temporary employee for the role of the Executive Administrative Assistant.

- Request No. 55: Documents sufficient to identify when Defendants' bank deposits switched to remote deposits.

*Id*. The EEOC also noted that Defendants had not provided responsive information to Request Nos. 56–58 seeking personnel information about three employees who have held the same position that Charging Party would have held.[3] *Id.* During conferral, the Defendants agreed to produce the following responsive information to Request Nos. 56–58:

- New Hire Data Sheet
- Application for employment
- Resume
- Notes from interviews
- Notes or emails related to checking references
- Compensation analysis
- Exit Interview/Termination documents
- Any performance reviews or performance management

*See* Decl. at ¶ 6.

Because Defendants' production was still deficient within days of the close of discovery, the EEOC requested another conferral about discovery issues on May 29, 2025. *Id.* Defendants agreed to the conferral date and admitted that the May 27 production was not the complete response to the Second Document Requests. *Id.* at 1. In response to the EEOC's concern about the approaching discovery deadline, Defendants claimed: "While the discovery deadline terminates the parties' ability to serve further discovery, it does not have any effect on the Defendants' ability to collect and produce documents in response to the EEOC's Second RFPD. That will continue." *Id.* During the conferral, Defense counsel stated that Defendants would not supplement their

---

[3] Defendants initially objected to providing any documents in response to these requests. During a conferral call on May14, 2025, the EEOC offered to limit its request, and Defendants agreed to respond within this limitation.

discovery until "next week" which is after the close of discovery. Decl. at ¶ 8. Defense counsel further stated that he did not know whether Defendants had even searched its custodians' cell phones for responsive ESI, even though Defendants' officers testified that they used their cell phones to communicate about work matters. *Id.*

When the EEOC asked why Defendants would not supplement their discovery sooner, Defense counsel responded that Defendants were busy at the end of the month and had spent time preparing for the 30(b)(6) deposition instead. *Id.* This excuse is suspect. Defendants' responses to this discovery were due on May 2, 2025, and the 30(b)(6) deposition occurred on May 20, 2025. *See* Decl. at ¶ 3, 7. The deponent testified she did not begin preparing for the deposition until the week prior to her deposition. *See id*.

To date, the Defendants have not responded at all to the Plaintiff's Second Set of Interrogatories. Decl. at ¶ 9. Defendants have confirmed they will not provide responses prior to the close of discovery but refuse to provide a specific date by which they will complete and serve them. *Id.* Because Defendants have not provided any responses to the Second Interrogatories, Defendants have waived any objections to them. *See* L. R. 34.1(c)(1) ("Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived."); L. R. 33.1(c)(1) (same). Indeed, when objections are "provided more than 30 days after service, they are subject to being deemed waived on that basis alone." *Katz v. Liberty Power Corp., LLC*, No. 1:18-cv-10506-ADB-DLC, 2021 WL 3616073, at * (D. Mass. Mar. 29, 2021) (holding defendants waived objections based on attorney client privilege because they did not supply responses within 30 days). Courts in this District have held that judicial discretion to honor belated objections is warranted only to the extent the "'[the discovery] request far exceeds the bounds of fair discovery.'" *See id.* (quoting *Krewson v. City of Quincy*, 120 F.R.D.

6, 7 (D. Mass. 1988)); *see also Slauenwhite v. Bekum Maschinenfabriken, G.m.b.H.,* 35 Fed. R. Serv.2d 975 (D. Mass. 1983). Here, the Second Interrogatories seek only relevant information within the bounds of fair discovery. Moreover, Defendants' pattern of skirting discovery obligations in this litigation weighs in favor of waiver. *See Slauenwhite,* 35 Fed. R. Serv.2d at 975 ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests . . . . **Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences**" (emphasis added)). Indeed, in a similar case, *Bonomo v. Factory Mutual Ins. Co.*, No. 1:21-CV-11750-IT, 2023 WL 3934696, at *4 (D. Mass. June 9, 2023), the court held objections to written discovery were waived when a party repeatedly promised forthcoming discovery and did not provide responses until after the close of discovery. *See also Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) ("If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections").

## II.   <u>CONCLUSION</u>

For these reasons, the EEOC respectfully requests that this Court grant the EEOC's second Motion to Compel and enter an order: (1) compelling Defendants to produce complete responses to the EEOC's Second Set of Interrogatories and Second Set of Requests for Production of Documents and all responsive documents within five (5)  days of any order on this motion; and (2) ordering that any objections to the EEOC's Second Set of Interrogatories are waived.

Dated:  May 30, 2025                                            Respectfully submitted,

                                                                 /s/ *Lindsay C. Sfekas*

                                                                LINDSAY C. SFEKAS
                                                                *Counsel for Plaintiff EEOC*

6

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5284
lindsay.sfekas@eeoc.gov


 /s/ *Gena Miller*

GENA MILLER
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5343
gena.miller@eeoc.gov


## LOCAL RULE 37.1(b) CERTIFICATE

I hereby certify that Plaintiff U.S. Equal Employment Opportunity Commission has attempted in good faith to obtain the Defendants' agreement in the requested relief pursuant to Local Rule 37.1(b).


 /s/ *Lindsay C. Sfekas*
LINDSAY SFEKAS


## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, a copy of the foregoing was filed electronically using the CM/ECF system. Transmission of the Notice of Electronic Filing through the court's transmission facilities will constitute service of the filed document upon registered ECF users.

Dated: March 30, 2025


/s/ *Lindsay C. Sfekas*
LINDSAY SFEKAS


7