# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| **Plaintiff,** | **Civil Action No. 1:24-cv-10370-AK** |
| **v.** | |
| **ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVIRSIFIED FUNDING, INC.,** | |
| **Defendants.** | |

**PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
SECOND SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts ("Local Rules"), Plaintiff United States Equal Employment Opportunity Commission ("EEOC") serves these Interrogatories upon Defendants Atlantic Property Management Corporation ("Atlantic") and Diversified Funding, Inc. ("Diversified") (collectively "Defendants"). Pursuant to Federal Rule of Civil Procedure 33(b)(2), Defendant's sworn answers and counsel's objections, if any, will be served within thirty (30) days on the undersigned counsel by email at lindsay.sfekas@eeoc.gov and gena.miller@eeoc.gov.

**INSTRUCTIONS**

1.      Pursuant to Local Rule 33, each response or objection must be preceded by the request to which it responds.

2.      In answering these Interrogatories, furnish all information available to Defendants, including information that is known by, possessed by, or available to any of Defendants' attorneys,

consultants, representatives, agents, and all others acting on Defendants' behalf.

3.     Pursuant to Federal Rule of Civil Procedure 33(b)(4), each objection to an interrogatory or any subpart of an interrogatory will state with specificity all reasons and grounds Defendants rely upon, and whether any information has been withheld or limited based on the objection.  If Defendants object to part of an interrogatory, it must specifically identify that part and respond to the remainder of the interrogatory.  Any grounds not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extension provided, will be waived.

4.     If Defendants are unable to fully answer any interrogatory, Defendants will answer the interrogatory to the fullest extent possible, specifying the reason(s) for the inability to answer the remainder, and stating whatever information, knowledge, or belief Defendants have concerning the unanswerable portion.

5.     For each interrogatory and subpart of an interrogatory, if the information furnished in Defendants' answer is not within the Federal Rule of Civil Procedure 33(b)(5) signatories' personal knowledge, identify each person to whom the information is a matter of personal knowledge, if known.

6.     If any information responsive to an interrogatory is withheld under a claim of privilege or work product, Defendants will identify the nature of the privilege and provide all information required by Federal Rule of Civil Procedure 26(b)(5).  Such withholding will be limited to the portion necessary to protect the privilege or work product, and the rest of the materials must be produced.

7.     Responsive information to an interrogatory for which objections were served and are subsequently required to be provided, will be served within fourteen (14) days after it is

determined that they should be provided, unless the Court directs otherwise.

8.      Pursuant to Federal Rule of Civil Procedure 26(e)(1), these requests are continuing in nature, and Defendants must supplement, correct, or amend its answers as additional or different information is obtained by or becomes known to Defendants or any person acting on its behalf.

9.      If Defendants do not understand any instruction, interrogatory, or part of any interrogatory, then Defendants are to advise the EEOC's attorneys at the earliest practical time and, in any event, before Defendants provide their timely responses, so that any ambiguity, confusion, or question can be timely addressed.  The Federal Rules of Civil Procedure and Local Rules require the parties to endeavor to cooperate and resolve as many discovery issues as possible without the need for the Court's intervention.

10.      Unless stated otherwise, the relevant time period for all information requested is from January 1, 2021 through the present.

### DEFINITIONS

1.      "Charging Party" means the individual who filed Charge No. 523-2022-02863 with the EEOC.

2.      "Defendants", "you" and "your" mean the Defendants in this litigation, their officers, directors, managers/supervisors, employees, partners, affiliates, and agents.

3.      "Answer" means the then-operative answer Defendants filed in this action, which at the time of service of these interrogatories, is docketed at ECF No. 8.

4.      "Identify" when referring to a natural person means to provide identification sufficient to notice or subpoena a deposition of such person and to serve such person with process to require his or her attendance at a place for examination, and will include, without limitation:  (a) full name (including all names used by the individual and known to Defendant); (b) present or last

known home address; (c) present or last known telephone number(s); (d) present or last known email address; (e) job title(s) held with Defendant; (f) dates associated with job title(s) (if applicable); (g) date of birth; (h) employee number (if applicable); (i) date of hire; (j) date of termination (if applicable); (k) date of resignation (if applicable).

5. "Identify" when referring to an entity other than a natural person means to provide identification sufficient to notice a subpoena of such entity or its officers or directors and will include, without limitation:  (a) the entity's full name as held out to the public; (b) the corporate or legal name associated with the entity; (c) the nature of the entity (e.g., corporation, partnership, association, committee, LLC, etc.); (d) the address of its principal office; (e) the state in which it is incorporated (if applicable); and (f) Defendant's point of contact's full name, last known telephone, and last known telephone number.

6. "Identify" with respect to documents means to provide, to the extent known: (a) the type of document; (b) its general subject matter; (c) the date of the document; (d) the document's author(s); (e) the document's addressee(s), and (f) the document's recipient(s).  Where the answer to an interrogatory includes a document that has already been produced by any party in this litigation, "identify" will also mean to provide the Bates number corresponding to that document.

7. "Employee" or "employed by Defendants" means any person, including all officers, executives, managers, supervisors, professionals, hourly and salaried personnel, and any other person who is or has been performing work for or has been in training to perform work for Defendant on a full or part-time basis and/or on a temporary or permanent basis whether in training or otherwise. "Employee" or "employed by Defendants" includes individuals employed directly by either Defendant and/or individuals employed by either Defendant through a third-party, such as a staffing agency.

8.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and will include, but not be limited to, electronically stored information and any record or method of recording information, regardless of the form in which the information is stored including, but not limited to: e-mails, web content, blogs, computer tapes, data, disks, drums, memory cores, or other computer media; computer printouts or other lists; itineraries; correspondence; communication of any nature; memoranda including internal memoranda and memoranda to the file; notebooks of any character; charts; summaries or records of personal conversations; notes of telephone conversations; calendars; diaries or excerpts therefrom; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts, or translations of any document; tape recordings; dictation recordings and belts; videotapes; data compilations; and/or all tangible items. A draft or non-identical copy is a separate document within the meaning of this term. Documents which exist in electronic format, including, for example, but not limited to, emails and computer databases, should be produced as specified in the Instructions, and not solely in paper or pdf form, or otherwise coordinated with counsel for the EEOC.

9.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), in any form.

10.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

11.     The terms "including" and "including but not limited to" mean including, without

limitation or in any way qualifying, limiting, or restricting the foregoing, and any examples set forth are not to be construed to mean that any limitation is express or implied.

12.     The terms "any," "all," and "each" will each be construed as encompassing any and all.

13.     The connectives "and" and "or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

14.     The use of the singular form of any word includes the plural and vice versa.

### INTERROGATORIES

17.     Identify the date when Defendants' bank deposits switched to remote deposits.

18.     Identify Cam Freeman's date of hire as a permanent employee.

19.     Identify all temporary employees who have performed the role of Executive Administrative Assistant from 2020 to the present, including the name of the individual, the staffing agency used, if any, and the dates the individual was assigned to work for Defendants as the Executive Administrative Assistant.

20.     Identify the date on which Defendants provided an across the board 4% salary increase.

21.     For each Executive Administrative Assistant, during each year from 2020 to present, identify the amount that she received as bonus compensation in each year she was employed.

22.     Identify the end-of-year-bonus amount received by the Executive Administrative Assistant each year from 2020 to present.

23.    List the number of employees each Defendant employed for each calendar week for the calendar years 2020 and 2021.

24.    For each accommodation identified in the attachment to the Defendants' Answers to Interrogatories, identify from whom the employee requested the accommodation, whether a doctors' note was requested, whether a doctors' note was supplied, and any analysis that Defendants performed to determine that the requested accommodation would not create an undue hardship on the companies.

25.    For each accommodation identified in the attachment to the Defendants' Supplemental Answers to Interrogatories, identify from whom the employee requested the accommodation, whether a doctors' note was requested, whether a doctors' note was supplied, and any analysis that Defendants performed to determine that the requested accommodation would not create an undue hardship on the companies.

26.    Identify all persons who prepared or assisted in the preparation of Defendants responses to Plaintiff's interrogatories and document requests. For each person, state:

a. their official job title;

b. their business address and telephone number; and

c. which interrogatory and/or document request response the person prepared or assisted in preparing.

Dated: April 2, 2025                                    EQUAL EMPLOYMENT
                                                        OPPORTUNITY COMMISSION


                                                         /s/ Lindsay C. Sfekas
                                                        LINDSAY C. SFEKAS
                                                        Counsel for Plaintiff EEOC
                                                        U.S. EQUAL EMPLOYMENT
                                                        OPPORTUNITY COMMISSION
                                                        New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5284
lindsay.sfekas@eeoc.gov


GENA MILLER
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5343
gena.miller@eeoc.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that, on April 2, 2025, the foregoing document was served on the following attorneys of record for the Defendants via email:

Joseph L. Sulman
LAW OFFICE OF JOSEPH L. SULMAN
255 Bear Hill Road, Suite 204
Waltham, MA 02451
jsulman@sulmanlaw.com

*/s/ Lindsay Sfekas*

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

|  |
|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> **Plaintiff,** <br><br> **v.** <br><br> ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVIRSIFIED FUNDING, INC., <br><br> **Defendants.** |

Civil Action No. 1:24-cv-10370-AK

**PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S**
**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules

for the United States District Court for the District of Massachusetts ("Local Rules"), Plaintiff

United States Equal Employment Opportunity Commission ("EEOC") requests that Defendants

Atlantic Property Management Corporation ("Atlantic") and Diversified Funding, Inc.

("Diversified") (collectively "Defendants") produce the documents and electronically-stored

information described in the following requests that are within Defendants' possession, custody,

or control.   Pursuant to Federal Rule of Civil Procedure 34(b)(2), Defendants' document

production, sworn answers and counsel's objections, if any, will be served within thirty (30) days

on the undersigned counsel by email at lindsay.sfekas@eeoc.gov and gena.miller@eeoc.gov.

**INSTRUCTIONS**

1.      Answers and objections in response to requests for production of documents, served

pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1, must be made in the order of

1

the requests propounded.

2.      Pursuant to Local Rule 34.1, each response or objection must be preceded by the request to which it responds.

3.      Each objection and the ground of the objection must be stated separately.

4.      When an objection is made to any document request, or any subpart, it will state with specificity all grounds upon which the objecting party relies. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions provided, will be deemed waived.

5.      Answers to a document request with respect to which objections were served and which are subsequently required to be answered will be served within ten (10) days after it is determined that they should be answered, unless the Court directs otherwise.

6.      If any document responsive to any request has been lost, mutilated or destroyed, so state and identify each such document, provide the date the document was lost, mutilated or destroyed, and state to which request(s) or part thereof, the document would have been responsive.

7.      If there are no documents in your possession, custody or control which are responsive to a particular request or part thereof, so state and identify such request or part thereof.

8.      If any information responsive to a request is withheld under a claim of privilege or work product, Defendants will identify the nature of the privilege and provide all information required by Federal Rule of Civil Procedure 26(b)(5).  Such withholding will be limited to the portion necessary to protect the privilege or work product, and the rest of the materials must be produced. A privilege log should be produced for documents withheld under claim of privilege.

9.      If the requested documents are known to exist, but are not in the possession, custody or control of the Defendants, their officers, elected officials, executives, directors, managers,

2

supervisors, agents and/or attorneys, so indicate and/or produce documents that show the name of the person or entity having custody of such documents.

10.     When producing documents, indicate the request and, if applicable, the specific subpart of the request in response to which each document is produced. If a document is produced in response to more than one request (or subpart of a request), each request or subpart to which the document is responsive should be clearly specified. All documents produced should be labeled to correspond to the particular request and, if applicable, the specific subpart of the request, in response to which the documents are produced.

11.     Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), all documents and electronically stored information (ESI) derived from electronically created files provided in response to this set of document requests will be produced as Bates-labeled single page TIFF images, as described in Attachment A. Un-redacted spreadsheets, including Microsoft Excel files, will be produced in their native format. Exports from structured database systems, including relevant personnel and payroll systems, will be produced in either Excel (as a primary or preferred format), or sortable .csv or delimited text format (as a secondary choice).

12.     If it is not possible to produce the electronically stored data in one of the agreed upon formats, please consult with EEOC before producing the data in some alternative format so as to assure that it can be used and read by EEOC.

13.     Pursuant to Federal Rule of Civil Procedure 26(e), these requests are continuing in nature, and Defendants must supplement, correct, or amend their disclosures or responses as additional or corrective information is obtained by or becomes known to Defendants or any person acting on Defendants' behalf.

14.     Unless otherwise indicated in the text, these requests refer to the relevant time

3

period from January 1, 2021, through the present, and all information sought by these document requests will be provided for the entirety of such period. If you object to production of documents for the time period specified in these requests, you are requested to produce documents for at least that period of time which you do not dispute is appropriate for discovery.

15.     If Defendants do not understand any instruction, request, or part of any request, then Defendants are to advise the EEOC's attorneys at the earliest practical time and, in any event, before Defendants provide their timely responses, so that any ambiguity, confusion, or question can be timely addressed.  The Federal Rules of Civil Procedure and Local Rules require the parties to endeavor to cooperate and resolve as many discovery issues as possible without the need for the Court's intervention.

**DEFINITIONS**

The Uniform Definitions in Discovery Requests set forth in Local Rule 26.5 apply to and are incorporated herein by reference into each production request below. For purposes of these Requests, the following definitions apply:

1.     "Answer" means the then-operative answer Defendants filed in this action, which at the time of service of these Requests, is docketed at ECF No. 8.

2.     "Charging Party" means the individual who filed Charge No. 523-2022-02863 with the EEOC.

3.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), in any form.

4.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.     "Defendants", "you" and "your" mean the Defendants in this litigation, their

4

officers, directors, managers/supervisors, employees, partners, affiliates, and agents.

6.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), and will include, but not be limited to, electronically stored information and any record or method of recording information, regardless of the form in which the information is stored including, but not limited to: e-mails, web content, blogs, computer tapes, data, disks, drums, memory cores, or other computer media; computer printouts or other lists; itineraries; correspondence; communication of any nature; memoranda including internal memoranda and memoranda to the file; notebooks of any character; charts; summaries or records of personal conversations; notes of telephone conversations; calendars; diaries or excerpts therefrom; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of investigations; agreements and contracts, including all modifications and/or revisions thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts, or translations of any document; tape recordings; dictation recordings and belts; videotapes; data compilations; and/or all tangible items. A draft or non-identical copy is a separate document within the meaning of this term. Documents which exist in electronic format, including, for example, but not limited to, emails and computer databases, should be produced as specified in the Instructions, and not solely in paper or pdf. form, or otherwise coordinated with counsel for the EEOC.

7.    "Identify" when referring to a natural person means to provide identification sufficient to notice or subpoena a deposition of such person and to serve such person with process to require his or her attendance at a place for examination, and will include, without limitation:  (a) full name (including all names used by the individual and known to Defendants); (b) present or

last known home address; (c) present or last known telephone number(s); (d) present or last known email address; (e) job title(s) held with Defendant; (f) dates associated with job title(s) (if applicable); (g) date of birth; (h) employee number (if applicable); (i) date of hire; (j) date of termination (if applicable); (k) date of resignation (if applicable).

8.     "Identify" when referring to an entity other than a natural person means to provide identification sufficient to notice a subpoena of such entity or its officers or directors and will include, without limitation:  (a) the entity's full name as held out to the public; (b) the corporate or legal name associated with the entity; (c) the nature of the entity (e.g., corporation, partnership, association, committee, LLC, etc.); (d) the address of its principal office; (e) the state in which it is incorporated (if applicable); and (f) Defendants' point of contact's full name, last known telephone, and last known telephone number.

9.     "Identify" with respect to documents means to provide, to the extent known: (a) the type of document; (b) its general subject matter; (c) the date of the document; (d) the document's author(s); (e) the document's addressee(s), and (f) the document's recipient(s).  Where the answer to an interrogatory includes a document that has already been produced by any party in this litigation, "identify" will also mean to provide the Bates number corresponding to that document.

10.     "Employee" or "employed by Defendants" means any person, including all officers, executives, managers, supervisors, professionals, hourly and salaried personnel, and any other person who is or has been performing work for or has been in training to perform work for Defendant on a full or part-time basis and/or on a temporary or permanent basis whether in training or otherwise. "Employee" or "employed by Defendants" includes individuals employed directly by either Defendants and/or individuals employed by either Defendant through a third-party, such as a staffing agency.

11. The terms "including" and "including but not limited to" mean including, without limitation or in any way qualifying, limiting, or restricting the foregoing, and any examples set forth are not to be construed to mean that any limitation is express or implied.

12. The terms "any," "all," and "each" will each be construed as encompassing any and all.

13. The connectives "and" and "or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

14. The use of the singular form of any word includes the plural and vice versa.

15. The terms "database," "data file," "database table," "data view," or "electronic file" refer to an electronic compilation of information relevant to the employment status, compensation, and/or benefits of applicants and/or employees. These terms are used interchangeably throughout this document.

16. "Personnel file" refers to any file, document, collection of documents, or electronically stored information that is maintained by Defendant or any of its managers, concerning the application and employment of a particular employee.

## REQUESTS FOR PRODUCTION

41. All documents that constitute, refer or relate to job descriptions for the Controller position that were used or in effect during the relevant time period.

42. All documents that constitute, refer or relate to job descriptions for any position Cam Freeman has had since he has been Defendants' employee.

43. All documents that constitute, refer or relate to job descriptions for any position Roberta Russo has had since January 1, 2020.

7

44. Organizational charts demonstrating management structure and supervisory duties from January 1, 2020, to December 31, 2021, including the name of the individual in each position.

45. Documents and/or communications concerning or related to Charging Party including but not limited to email or text message correspondence.

46. Documents reflecting any time off taken by an individual in the Executive Administrative Assistant role during the relevant time period including but not limited to email or text message correspondence.

47. The employee census for the years 2020 and 2021.

48. From 2020 to present, any compensation analysis, including attachments, of any Executive Administrative Assistant.

49. The job description that was attached to Elizabeth Roesel's offer letter.

50. All doctors' notes provided to the Defendants by any employees relating to a request for an accommodation or time off from work.

51. All documents reflecting any request by Defendants that an employee provide a doctor's note to support a request for an accommodation or time off from work.

52. Documents sufficient to identify the current Chief Financial Officer of the company.

53. Any contracts with a staffing agency to fill the Executive Administrative Assistant role.

54. Any communications with staffing agencies about providing a temporary employee for the role of the Executive Administrative Assistant.

55. Documents sufficient to identify when Defendants' bank deposits switched to remote deposits.

56.    Leanne Beliveau's complete personnel records, including but not limited to application materials, offer letter, documentation of any performance issues, and documents related to her termination.

57.    Jessica Toste's complete personnel records, including but not limited to application materials, offer letter, and any requests for a modified work schedule.

58.    Maria Ramirez's complete personnel records, including but not limited to application materials, and offer letter.

Dated: April 2, 2025

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

/s/ *Lindsay C. Sfekas*
LINDSAY C. SFEKAS
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5284
lindsay.sfekas@eeoc.gov

GENA MILLER
*Counsel for Plaintiff EEOC*
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5343
gena.miller@eeoc.gov

9

## CERTIFICATE OF SERVICE

I hereby certify that, on April 2, 2025, the foregoing document was served on the following attorneys of record for the Defendants via email:

Joseph L. Sulman
LAW OFFICE OF JOSEPH L. SULMAN
255 Bear Hill Road, Suite 204
Waltham, MA 02451
jsulman@sulmanlaw.com

*/s/ Lindsay Sfekas*
LINDSAY SFEKAS

10