UNITED STATES DISTRICT COURGT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC PROPERTY MANAGEMENT CORP. AND DIVERSIFIED FUNDING, INC.,<br><br>    Defendants. | Civil Action No.: 1:24-cv-10370 |

**OPPOSITION TO MOTION TO ENFORCE COMPLIANCE WITH COURT ORDER**

Defendants, Atlantic Property Management Corp. ("Atlantic") and Diversified Funding, Inc. ("DFI"), hereby submits this Opposition to the Motion to Enforce Compliance with the Court Order dated April 11, 2025.[1]

1.    EEOC's Discovery Is Grossly Disproportionate To The Needs of The Case Under Fed.R.Civ.P. 26 In Light of Recent Discovery.

Under Fed.R.Civ.P. 26(b), a party has a right to discover relevant information that is "proportional to the needs of the case, considering the importance of the issues at stake in the action [and] the importance of the discovery in resolving the issues." An essential element of the EEOC's claims against Defendants of unlawful termination because of a request to accommodate and disability is that the Charging Party was a qualified handicapped individual. *See Finnegan v. CSX Transp., Inc.,* 368 F. Supp. 3d 263, 287 (D. Mass. 2019) (essential element of unlawful

---

[1] Plaintiff submits this Opposition only five days after the filing of the related Motion by EEOC in anticipation of the Court's June 5, 2025 Status Conference so that the Court has the Defendant's position on the issues raised, even if not fully briefed.

discharge claim of disability discrimination is plaintiff was qualified handicapped individual),

*citing Jones v. Walgreen Co.*, 679 F.3d 9, 14 (1st Cir. 2012).

Two weeks ago, EEOC produced an email dated November 5, 2021 from the Charging

Party in response to a supplemental discovery request where the Charging Party tells a

subsequent prospective employer the following:

> I am unfortunately not available for the position as I have had an
> unexpected health issue come up. It will be a few months before I
> will be well enough to start a new job. I'm sorry for the
> inconvenience and please keep in touch closer towards February.
> Thank you.

Exhibit 1. The date of this email, November 5, 2021, is less than two weeks after the Charging

Party was denied employment from Defendants.


2.    EEOC's Motion Is Marked With Inaccuracies and Defendants Have Complied with
      Virtually All Outstanding Discovery.

    a.    Defendants Have Continued to Comply in Good Faith With Request for ESI
          Searches.

Defendants' IT Vendor did not only run one ESI search, as EEOC's attorneys appear to

have concluded based on looking at a screenshot that Defendant's attorney sent via email in a

good faith attempt to show their efforts to make progress on the ESI searches. Def. Mem at 4.

The IT Vendor ran all the searches requested and Defendants produced *responsive* documents, as

Defendants represented to EEOC (via counsel) previously as reflected in Defendants' Exhibit 4.

The responsive documents located came from a single custodian, but this does not mean only a

single custodian was searched. Defendants did notice that a mistake was made in the original ESI

searches in that a single custodian – Roberta Russo – was overlooked, and a search for that

custodian has now been complete and some further documents have been located. Defendants'

IT Vendor also recently reran the searches on the other custodians, based on EEOC's

representation that it has emails from custodian Cheryl Foote that were not picked up in the first search. The results from those searches have been provided to Defendants' counsel, responsive documents have been located this week, and a production will follow by the end of the week. If this production is still missing emails that EEOC can show should have been found, Defendant agrees that its IT Vendor should meet with the EEOC or other appropriate action taken to resolve the ESI search problem.

b. Defendant's Produced Financial Records.

The right to obtain evidence for purposes of punitive damages does not give the EEOC, or any plaintiff, the right to a financial audit of a corporate defendant, although this is clearly the approach that EEOC takes here. Defendant produced all tax returns from 2021 to 2023; EEOC was not satisfied. Defendant's Rule 30(b)(6) witness created a spreadsheet for her deposition[2] with detailed financial information about the two companies and testified about the information and how it was obtained for hours, and EEOC still demands more.

EEOC badly misrepresents the history of events concerning the spreadsheet when it now recharacterizes the creation of the spreadsheet as Defendants' "last minute refusal to produce financial records." In fact, what happened was that EEOC offered to stipulate to forego the Rule 30(b)(6) deposition if the Defendants provided certain financial records. Defendants created the spreadsheet because they had the requested information, but not in the forms requested by EEOC – GAAP accounting records. This is what Defendants' counsel stated in communications to EEOC at the time, as reflected in Exhibit 8 in unequivocal terms: "The attached spreadsheet is being provided for the sole purpose of entering into the stipulation. It was made for the purpose

---

[2] The spreadsheet was created after EEOC offered to stipulate to forego the Rule 30(b)(6) deposition if the Defendants provided certain financial records. Defendants created the spreadsheet because they had the requested information not in the forms requested by EEOC. EEOC again misstates

of that, not in regular course of business, because ***we do not have the records that you are***

***looking for***." Def. Ex. 8 at 6 (May 19 2025 email) (emphasis added). Yet EEOC simply

disregards this in its Motion.

Defendants cannot produce what they do not have. EEOC should not misrepresent the

statements and actions of the Defendants so that it can perform a *de facto* audit of Defendants.

3.      <u>EEOC Provides No Legal Basis for Demanding More Financial Records.</u>

EEOC's demand for further financial records goes far beyond what the law permits. *See*

*Katz v. Liberty Power Corp., LLC,* Civil Action No. 18-cv-10506-ADB, 2020 U.S. Dist. LEXIS

112969, at *20 (D. Mass. June 26, 2020) ("Courts have previously allowed discovery of a

defendant's tax records when a plaintiff seeks punitive damages"); *Jones v. Wyman,* No. 1:20-cv-

00383-JAW, 2022 U.S. Dist. LEXIS 159855, at *2 (D. Me. Sep. 6, 2022) (allowing discovery of

records to allow plaintiff to "reasonably discern Defendant's net worth")

The law permits discovery of financial records so that a plaintiff, if it makes the requisite

showing, can use a defendant's net worth as a basis to argue for a higher award of punitive

damages. EEOC has the Defendants' tax returns, a detailed spreadsheet, and a Rule 30(b)(6)

deposition as evidence of the Defendant's net worth. It has moved far beyond reasonable

discovery on the issue of punitive damages into harassment of Defendants. Defendants posit that

it has done so because the EEOC *knows* that it does not have an essential element of a disability

discrimination case.

For the foregoing reasons, the EEOC's Motion should be denied.

> DEFENDANTS ATLANTIC
> PROPERTY MANAGEMENT CORP. and
> DIVERSIFIED FUNDING, INC.,
> By their attorneys,
>
> /s/ Joseph Sulman
> Joseph L. Sulman, BBO #663635
> LAW OFFICE OF JOSEPH L. SULMAN
> 255 Bear Hill Road, Suite 204
> Waltham, MA 02451
> (617) 521-8600
> jsulman@sulmanlaw.com

Dated: June 4, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all parties through their counsel of record on June 4, 2025 by ECF at the following addresses:

LINDSAY.SFEKAS@EEOC.GOV and GENA.MILLER@EEOC.GOV.

/s/ Joseph Sulman
Joseph L. Sulman