**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC PROPERTY MANAGEMENT CORPORATION, and DIVERSIFIED FUNDING, INC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:24-CV-10370-AK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER ON PETITION SEEKING REIMBURSEMENT OF FEES AND EXPENSES INCURRED IN FILING DISOCVERY MOTIONS**

**ANGEL KELLEY, D.J.**

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") brought this action alleging that Defendants Atlantic Properties Management Corporation ("Atlantic Properties") and Diversified Funding, Inc. ("DFI") failed to provide reasonable accommodations to the Charging Party in violation of federal law. [Dkt. 1].  The EEOC seeks reimbursement of attorneys' fees and expenses related to three discovery motions: its First Motion to Compel [Dkt. 17], a Motion to Enforce the Court's April 11, 2025 Order [Dkt. 33], and a Second Motion to Compel [Dkt. 35].  [Dkt. 47 (the "Fee Petition")].  For the reasons set forth below, the EEOC's Fee Petition is **GRANTED IN PART** and **DENIED IN PART**.

I.      **FACTUAL BACKGROUND**

The following facts are drawn from the Complaint and the parties' moving papers.

In July 2021, Defendants posted a position for an Executive Administrative Assistant ("EAA").  On August 12, 2021, Tiffany Gunther applied for the position.  She received a written

1

offer of employment on September 22, 2021.  Shortly after accepting the offer, Gunther was diagnosed with cancer and informed Defendants on or about September 28, 2021 that she would require treatment and asked about her start date.  On October 7, 2021, she provided a physician's note stating she could perform the job duties but would need time off for treatment and recovery.  After Defendants requested more specific information, Gunther submitted an additional physician's note dated October 19, 2021, indicating she could perform EAA duties but would need four to five hours per week for treatment, might require surgery with an uncertain recovery period, and could need one to three unplanned days off per month.  On October 28, 2021, Defendants rescinded the offer by email, citing anticipated absences for treatment.

The Complaint alleges that Defendants did not discuss treatment timing with Gunther, did not contact her medical providers to clarify the expected impact of treatment or recovery, and did not propose or explore alternative accommodations.  It further alleges that Defendants had previously left the EAA role vacant at times, covered EAA duties with other staff, engaged a temporary non-disabled employee who worked a flexible schedule to care for an ill parent, and later hired a full-time non-disabled employee for the EAA position in January 2022.

## II.    PROCEDURAL BACKGROUND

Gunther filed a charge with the EEOC alleging violations of the Americans with Disabilities Act.  On October 31, 2023, the EEOC issued a Letter of Determination finding reasonable cause and invited conciliation.  After conciliation failed, the EEOC issued a Notice of Failure of Conciliation on November 20, 2023 and filed this action seeking injunctive relief, back pay, reinstatement or front pay, compensatory and punitive damages, and costs. [Dkt. 1].

### A.  First Motion to Compel [Dkt. 18]

After the Complaint was filed on February 15, 2024, the EEOC served interrogatories

2

and document requests on June 26, 2024 seeking information about Gunther's employment, comparable employees, and Defendants' leave and scheduling policies.  Defendants produced some materials but withheld others on privilege and work-product grounds and initially failed to provide a privilege log.  Although Defendants agreed to supplement and provide a privilege log, they did not do so, and agreed-upon searches were incomplete with responses still outstanding eight months later.  After months of correspondence and assurances, the EEOC filed its First Motion to Compel on March 14, 2025.  Following briefing and a hearing on April 10, 2025,  the Court granted the Motion in full on April 11, 2025 and extended discovery to May 30, 2025 to accommodate production.

### B.  Motion to Enforce [Dkt. 32]

The Court's April 11 Order required production of certain financial records.  The EEOC requested production by May 19, 2025, before a scheduled Rule 30(b)(6) deposition.  The EEOC also identified missing emails that should have been captured by competent searches, including counterpart emails to those the EEOC itself possessed.  Defendants admitted a custodian had not been searched and later produced more than 100 previously undisclosed emails but continued to withhold the trial balance sheets, producing only tax records and an unverified spreadsheet.  At the deposition, Defendants' designee testified that the requested financial information was contained in a "trial balance sheet" accessible via an application called Genark and that such reports could be exported to Excel.  The EEOC repeatedly requested those trial balance sheets, but Defendants declined to produce them and indicated they would not provide additional financial information absent further court order.  The EEOC filed a Motion to Enforce on May 30, 2025, arguing that Defendants' limited production prejudiced its ability to test deposition testimony. [Dkt. 32].

3

### C.  Second Motion to Compel [Dkt. 35]

Separately, on April 2, 2025, the EEOC served a second set of interrogatories and requests for production, with responses due May 2, 2025.  Defendants missed the deadline, provided partial written responses without documents, and failed to answer the interrogatories. During a May 14, 2025 discovery conference, Defendants agreed to produce full responses by May 23 but did not do so.  On May 27, Defendants produced 19 pages that omitted numerous requested items, including personnel files for agreed comparator employees, job descriptions, organizational charts, records of time off for the EAA, accommodation-related medical notes, staffing-agency communications, and documents concerning remote deposit timing.  The EEOC moved to compel complete responses and to deem objections waived.  At a June 20, 2025 hearing, Defendants agreed to produce the discovery sought in the Motion to Enforce and the Second Motion to Compel.

### D.  The Fee Petition [Dkt. 47]

On July 7, 2025, the EEOC filed the Fee Petition under Rule 37 seeking fees and expenses incurred in bringing the three discovery motions.  The EEOC contends it attempted in good faith to obtain discovery without court action, that Defendants' delays and failures were not substantially justified, and that Defendants disobeyed the Court's April 11 Order and disregarded the Scheduling Order based on their unilateral interpretation.  The EEOC seeks reimbursement of $43,786.00, inclusive of attorneys' fees and travel expenses for the in-person hearing. Defendants oppose the Fee Petition, arguing the EEOC's time records are insufficiently contemporaneous and specific and that Defendants' discovery conduct was substantially justified given a compressed schedule and certain ESI search issues.  In response, the EEOC argues that its time accounting is sufficiently particularized and reliable under First Circuit standards

4

because it is grounded in timestamped materials (research histories, emails, calendars) rather than mere recollection, and that it omitted time it could not accurately substantiate.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(g), every discovery request, response, or objection must be signed by an attorney of record certifying that, to the best of the signer's knowledge, information, and belief formed after a reasonable inquiry, the disclosure is complete and correct as of the time it is made.  A certification imposes an affirmative duty to make a reasonable inquiry into the factual and legal basis for discovery positions.  If a certification violates Rule 26(g) without substantial justification, the court may impose appropriate sanctions, including an order to pay reasonable expenses caused by the improper certification.  Sanctions may be imposed on the signer, the party on whose behalf the signer acted, or both.

When a motion to compel discovery under Rule 37(a) is granted (in whole or in part), the court must, after giving an opportunity to be heard, require the party or attorney whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A).  The court must not order payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award unjust.  The rule thus creates a presumptive fee-shifting mechanism that the court may decline only for specified reasons.

If a party fails to obey an order to provide or permit discovery, Rule 37(b)(2) authorizes a range of sanctions.  The court may order the disobedient party, its attorney, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(b)(2)(C).

The court's discretion under Rule 37(b) is guided by considerations of proportionality, the nature and willfulness of the noncompliance, prejudice to the moving party, and whether lesser sanctions would be effective.

Finally, when it is determined that the provision of cost and fees is appropriate, "[i]n fixing such awards, courts in this district employ the lodestar method, which is 'the gold standard for calculating fee awards.' 'This approach requires the district court to ascertain the number of hours productively expended and multiply that time by reasonable hourly rates.'" DMO Norwood LLC v. Kia Am., Inc., 706 F. Supp. 3d 137, 141 (D. Mass. 2023) (quoting Spooner v. EEN, Inc., 644 F.3d 62, 67 n.3, 68 (1st Cir. 2011)). "[T]he court determines how much compensable time counsel spent on the case, deleting any 'duplicative, unproductive, or excessive hours.' The court then applies prevailing rates in the community to arrive at the lodestar. Although the lodestar amount 'represents a presumptively reasonable fee,' the court may adjust it up or down for other factors . . . ." Spooner, 644 F.3d at 68 (first quoting Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001); then quoting Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992)). "While the lodestar method requires arithmetic, a district court's task in fashioning reasonable fees 'is to do rough justice, not to achieve auditing perfection.'" Satanic Temple, Inc. v. City of Boston, No. 21-CV-10102-AK, 2023 WL 1993695, at *2 (D. Mass. Feb. 14, 2023) (quoting Pérez-Sosa v. Garland, 22 F.4th 312, 321-22 (1st Cir. 2022)).

## IV.    DISCUSSION

### A.  Entitlement to Fees Under Rule 37(a)

#### i.    *First and Second Motions to Compel*

The EEOC's First and Second Motions to Compel were granted after full briefing and

hearings, respectively; Defendants only agreed to satisfactorily resolve the discovery disputes during a brief recess in the middle of the hearing on the Second Motion to Compel.  Under Rule 37(a)(5)(A), fee shifting is presumptive where a motion to compel is granted unless Defendants demonstrate one of the narrow exceptions applies.  The record reflects extensive efforts by the EEOC to obtain discovery without court action: repeated correspondence, agreements to supplement, identification of custodians and search terms, and accommodations to sequencing and timing.  Despite these efforts, agreed-upon searches remained incomplete, privilege logs were not provided when promised, and core categories of documents were not produced.  The EEOC also conferred after missed deadlines on the second set of discovery and obtained renewed commitments that were not honored.  These facts satisfy Rule 37's good-faith prerequisite and weigh in favor of fees.  Defendants' explanation related to compressed schedules and ESI search challenges do not establish substantial justification, as those are ordinary obstacles in the course of being a litigator.  Discovery deadlines were set by the Court, and the EEOC allowed additional time and provided specificity about custodians, counterpart emails, and financial records.  The later disclosure of more than 100 previously undisclosed emails after admission that a custodian had not been searched, and the failure to produce comparator personnel files, job descriptions, organizational charts, accommodation-related notes, and other core materials, demonstrate that the nonproduction stemmed from inadequate diligence rather than a reasonable dispute about scope or burden.  On this record, Defendants have not shown that their nondisclosures were substantially justified.  No other circumstances make an award of fees and costs unjust.  Defendants' months-long delays and partial productions necessitated motion practice and hearing time.  Accordingly, the EEOC is entitled to reasonable fees and expenses incurred in making the First and Second Motions to Compel.

ii.    *Motion to Enforce the April 11 Order*

Rule 37(b)(2)(C) authorizes fee awards when a party fails to obey a discovery order.  The April 11 Order required production of financial records.  After that Order, Defendants acknowledged missing custodians and produced additional emails, but they continued to withhold trial balance sheets that their Rule 30(b)(6) designee testified were readily exportable from Genark.  Further, Defendants indicated they would not provide the trial balance sheets absent further court order and produced only tax records and an unverified spreadsheet.  This conduct reflects noncompliance with the Court's directive and impeded the EEOC's ability to test deposition testimony, causing prejudice.  Defendants have not demonstrated substantial justification for refusing to produce the trial balance sheets, especially in light of the designee's testimony about accessibility and exportability.  Nor do other circumstances make an award unjust.  The EEOC is therefore entitled to reasonable expenses, including attorneys' fees, caused by Defendants' violation of the April 11 Order and the subsequent Motion to Enforce required to secure compliance.

### B.  Amount of Fees and Adequacy of Time Records

Having determined entitlement, the Court turns to the lodestar calculus.  The EEOC seeks $43,786.00 for attorneys' fees and related expenses.  Defendants challenge the sufficiency of the EEOC's time records, asserting they are not contemporaneous and insufficiently specific.  The Court applies the prevailing standards for fee documentation in this Circuit, which require reasonably detailed and reliable records allowing the Court to assess the hours and tasks performed and to determine reasonableness.  On this record, the EEOC's submissions are sufficiently particularized and reliable to conduct the analysts.  Defendants do not substantively challenge the hourly rates, which the Court will accept, or the reasonableness of the hours tied to

the discrete motions; nor do they dispute that production occurred only after the Court compelled it or ordered enforcement.

That said, the Court will exclude hours that reflect conversations between counsel, both co-counsel and opposing counsel, as this Court encourages discourse regarding discovery and in no way wants to penalize it.[1]   Further,  administrative or duplicative tasks are excluded, as well as travel time.  The parties have repeatedly received the benefit of remote hearings, and attending court occurs in the due course of litigation.  Moreover, it is of no fault of the Defendants that counsel was out-of-state and leave of court was not sought to attend remotely, so Defendants will not be made to bear that burden.  Applying these adjustments, the Fee Petition is granted in part. The EEOC shall submit, within 14 days, a revised lodestar reflecting exclusion of: (i) administrative tasks; (ii) conferral tasks; (iii) duplicative tasks; and, (iv) travel time.  Defendants may respond within 7 days thereafter, limited to five pages, addressing arithmetic or categorical objections consistent with this Order.

### C.  Rule 26(g)

To the extent Defendants' repeated failures to provide complete discovery responses and privilege logs reflect inadequate certification under Rule 26(g), sanctions are likewise appropriate where certifications were not formed after reasonable inquiry.  However, the fee awards under Rule 37(a) and (b) adequately address the expenses caused by the deficient conduct.  No additional monetary sanction is imposed under Rule 26(g) at this time, but continued noncompliance may warrant further relief.

## V.    CONCLUSION

For the foregoing reasons, the EEOC's Motion for Attorney Fees and Expenses Incurred

---

[1] See page 3 in both dockets 49 and 50 for examples.

in Filing EEOC's First Motion to Compel, Motion to Enforce, and Second Motion to Compel [Dkt. 47] is **GRANTED IN PART** and **DENIED IN PART** as set forth above. The forthcoming fee award will be proportionate to the harm caused and limited to expenses reasonably incurred to obtain discovery the EEOC was entitled to receive. An award is necessary to deter future noncompliance and to ensure adherence to Court orders and discovery obligations. The EEOC shall file the revised lodestar consistent with Section IV.B within 14 days. Defendants may respond within 7 days thereafter.

     **SO ORDERED.**

Dated: March 11, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge