UNITED STATES DISTRICT COURGT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ATLANTIC PROPERTY MANAGEMENT CORP. AND DIVERSIFIED FUNDING, INC.,<br><br>    Defendants. | Civil Action No.:<br>1:24-cv-10370 |

**DEFENDANTS' RESPONSE TO EEOC'S REVISED
LODESTAR OF ATTORNEYS FEES**

Defendants Atlantic Property Management Corp. ("Atlantic") and Diversified Funding, Inc. ("DFI") submits this Response to the Plaintiff Equal Employment Opportunity Commission's Revised Lodestar of Attorneys' Fees.

Defendants do not have any "arithmetic . . . objections" to the Revised Lodestar of EEOC, March 11, 2026 Order at 9 (ECF No. 76), but raise "categorical objections" to the inclusion of time records from EEOC that are admittedly not contemporaneous but rather based on research material and other information. As previously argued, a fee award based on such records is expressly not permitted in the First Circuit. *See Pérez-Sosa v. Garland,* 22 F.4th 312, 329 (1st Cir. 2022) ("We thus have made it plain that when fee-shifting is in prospect, attorneys are ***obliged*** to maintain contemporaneous time records.") (emphasis added); *Souza v. Southworth*, 564 F.2d 609, 612 (1st Cir. 1977); *Kingston v. Strange*, No. 24-cv-12021-DJC, 2026 U.S. Dist. LEXIS 57679, at *4 (D. Mass. Mar. 18, 2026) ("[T]he relevant sanctions provisions are the fee-shifting provisions in Rule 37.")

Defendants recognize that this Court already considered their argument concerning contemporaneous time records and rejected it; therefore, they do not object to the total revised sum provided by EEOC of $38,262, ***assuming*** that the Court maintains its ruling that "the prevailing standards for fee documentation in this Circuit . . . require reasonably detailed and reliable records allowing the Court to assess the hours and tasks performed and to determine reasonableness." Order at 8. However, where there is no citation in the Order for the Court's ruling on fee documentation, Defendants object categorically to the EEOC's time records. *Pérez-Sosa,* 22 F.4th at 329. Defendants therefore object to the Revised Lodestar and submit that the total award should be reduced by fifty percent to $19,146.

Respectfully submitted,

DEFENDANTS ATLANTIC
PROPERTY MANAGEMENT CORP. and
DIVERSIFIED FUNDING, INC.,
By their attorneys,

/s/ Joseph Sulman
Joseph L. Sulman, BBO #663635
LAW OFFICE OF JOSEPH L. SULMAN
255 Bear Hill Road, Suite 204
Waltham, MA 02451
(617) 521-8600
jsulman@sulmanlaw.com

Dated: March 31, 2026

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties through their counsel of record on March 31, 2026.

/s/ Joseph Sulman
Joseph L. Sulman

3