**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**Eastern Division**

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ATLANTIC PROPERTY MANAGEMENT CORPORATION and DIVERSIFIED FUNDING, INC.,**<br><br>**Defendants.** | **Civil Action No. 24-cv-10370** |

**CONSENT DECREE**

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission"), filed this action alleging that Defendants Atlantic Property Management Corporation ("Atlantic Property") and Diversified Funding, Inc. ("DFI") violated the Americans with Disabilities Act ("ADA") when they: (1) failed to provide reasonable accommodations to Tiffany Gunther in the workplace; (2) discharged Gunther because of her disability and/or because of the need to provide accommodations for such disability; and (3) retaliated against Gunther by discharging her for requesting an accommodation. Defendants filed an answer denying these claims.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree ("Decree").

This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the Plaintiff and shall be binding on the Plaintiff, Defendants, and Defendants'

directors, officers, agents, employees, successors and assigns.

**FINDINGS**

1. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a. This Court has jurisdiction of the subject matter of this action and of the parties;

b. The terms of this Decree are adequate, fair, reasonable, equitable, and just;

c. The rights of the parties, Ms. Gunther, and the public interest are adequately protected by this Decree; and

d. This Decree conforms to the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, Ms. Gunther, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**INJUNCTIONS**

2. Defendants, their directors, officers, agents, employees, successors, and assigns are prohibited from (a) discharging or refusing to hire any qualified individual on the basis of such individual's disability or because of the need to accommodate that disability, in violation of the ADA, and (b) failing to accommodate any qualified individual on the basis of disability in violation of the ADA.

3. Defendants, their directors, officers, agents, employees, successors, assigns, and all persons acting in concert with them are prohibited from engaging in retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a charge of discrimination under the ADA, requested an accommodation of a disability, testified or otherwise participated in any manner in any investigation, proceeding, or hearing under the ADA, asserted any rights under this Decree, or benefitted from the relief provided by this Decree.

**NOTICE AND POSTING**

4. Within seven (7) days after the entry of this Decree, in each of Defendants' office locations, Defendants shall post at a location frequented by employees an eight-and-a-half (8.5) inches by eleven (11) inches laminated copy of the Notice ("Notice") attached as **Attachment A** to this Decree. The Notice shall remain posted for the duration of this Decree and may not be obstructed from view. If a Notice becomes defaced or illegible, Defendants will replace it with a clean copy. Defendants shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notices have been properly posted, including identifying each location where the Notices have been posted.

**POLICIES AND PROCEDURES**

5. Within thirty (30) days the entry of this Decree, Defendants shall include the following statement and link on all physical and electronic applications for employment:

a. "Atlantic and Diversified are committed to the full inclusion of all qualified individuals with disabilities. If you need a reasonable accommodation in order to participate in the job application or interview process or to perform essential job functions, please contact our Controller, Cheryl Foote, by phone at (617) 227-0893, Ext. 665, or via email at cfoote@dfi.cc."

6. Within thirty (30) days of the entry of this Decree, Defendants shall adopt (and maintain throughout the Term of this Decree) policies that prohibit discrimination and harassment, including their "Equal Employment Policies" provided to new hires ("Anti-discrimination Policies"), and such Anti-discrimination Policies shall include, at a minimum, the following:

a. A specific prohibition of each form of discrimination that is unlawful under the ADA;

b. A statement that both applicants and employees are entitled to reasonable accommodation under the ADA, in the absence of undue hardship;

c. A statement that employees may request reasonable accommodations by contacting a supervisor, manager, or another designated company representative (and providing contact information for doing so);

d. A statement that if Defendants become aware of a request for or need for accommodation of a disability, they will engage in an interactive process with an applicant or employee in an attempt to determine whether a reasonable accommodation can be provided;

e. A statement that any employee may report suspected disability discrimination to any person in management, that the Defendants will promptly investigate any such reports, and that the Defendants will inform the reporting employee of the outcome of the investigation; and

f. A statement that employees may report suspected employment discrimination to the EEOC or to relevant state and local fair employment practices agencies and the contact information for each such agency.

**TRAINING**

7. Defendants shall provide live, interactive training during each year of the Term of the Decree for all officers, including President, Vice President, and Controller, Human Resources personnel, on-site managers, and any personnel whose duties involve evaluating or interviewing job applicants, onboarding new employees, responding to requests for reasonable accommodations, conducting investigations into allegations of discrimination, harassment or retaliation, or making decisions regarding preventative and corrective actions to take in connection

with such investigations. This training shall address: (i) the nondiscrimination provisions of the ADA; (ii) Defendants' policies and procedures relating to the ADA; (iii) Defendants' duty to provide reasonable accommodations to applicants and employees with disabilities, including examples of requests and statements that may trigger an employer's obligation to consider accommodations under the ADA; and (iv) the anti-retaliation provisions of the ADA.

8. The first such training session shall occur within sixty (60) days of the entry of this Decree, and subsequent trainings shall occur within thirty (30) days of each anniversary of the entry of this Decree.

9. Defendants shall obtain approval from the EEOC of their proposed trainer(s) and training content prior to such individual conducting a training session. Defendants shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least (30) calendar days prior to the proposed commencement date(s) of the training(s). The EEOC shall have seven (7) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer and/or proposal. In the event the EEOC does not approve Defendants' designated trainer or proposal, Defendants shall have fourteen (14) calendar days to identify an alternate trainer and/or provide a new training proposal. The EEOC shall have seven (7) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer and/or proposal. If the parties cannot through this process agree on a trainer or training proposal, then they may seek the Court's assistance under Paragraph 20 of this Decree.

10. Defendants will maintain attendance records identifying in legible form the name and job title of the attendees at each session of the training and also containing the signature of each attendee, as well as copies of all training materials presented.

**MONETARY RELIEF**

11. Within fourteen (14) days of the latter of (a) entry of this Decree by the Court, and (b) receipt by Defendants of the release agreement attached as Attachment B, signed by Ms. Gunther, Defendants shall pay the gross sum of $85,000 to Tiffany Gunther. Of this amount, $12,500 shall be allocated as backpay, from which Defendants may make any applicable deductions for the employee's share of FICA and applicable federal and state income tax withholdings, for which Defendants will issue a Form W-2; and $72,500 shall be designated compensatory damages, for which amounts Defendants shall issue an IRS Form 1099. Defendants shall make these payments via check(s) sent via Certified or Registered Mail, and shall contemporaneously provide copies to the EEOC. Defendants and Ms. Gunther will each be responsible for any federal, state, or local tax that they might each incur as a result of Defendants' payments to Ms. Gunther.

12. Within fourteen (14) days of the entry of this Decree, Defendants shall submit to the EEOC, using mailing instructions or electronic payment instruction which will be provided by the EEOC, a check for $27,000, representing attorney fees (see ECF No. 82). The check or electronic payment shall be made to the order of the "United States Treasury." As part of this settlement, this payment shall be deemed to fully satisfy the requirements of ECF No. 82.

13. If any portion of the monetary relief set forth in this Decree is not sent to Ms. Gunther or to the EEOC in the manner required by this Decree and within the applicable time period required by this Decree ("Unpaid Amount"), then for each business day beyond that period that such portion remains unpaid, Defendants shall pay to Ms. Gunther or to the EEOC (as applicable), in the manner set forth above, an amount equal to the greater of $50 or 0.1% of the Unpaid Amount.

## RECORDKEEPING

14. During the Term of this Decree, Defendants shall maintain written records of every complaint or report (oral or written, formal or informal) of disability discrimination of any employee or applicant of Defendants that is known to a supervisor, manager, or human resources employee of Defendants. For each such complaint or report, such records shall include: (a) the name of the person who made the complaint or report and that person's address, telephone number, and e-mail address; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendants took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) all documents, including notes, correspondence, photographs, or written statements, collected in the course of Defendants' investigation.

15. During the Term of this Decree, Defendants shall maintain written records of every request for a reasonable accommodation (oral or written, formal or informal) of a disability made by any employee or applicant that is known to a supervisor, manager, human resources employee, or any employee involved in reviewing or considering applications for employment. For each request, such records shall include: (a) the name of the individual who made the request and that individual's address, telephone number, and e-mail address; (b) the date of the request; (c) a written description of the request as well as any supporting documentation that was provided; (d) a written description of the outcome of the request including what, if any, accommodation was granted and the reason for the decision; and (e) if the request was made in written form, a copy thereof.

## MONITORING AND REPORTING

16. Defendants shall furnish to the EEOC the following written reports semi-annually for the duration of the Decree ("Semi-Annual Reports"). The first Semi-Annual Report shall be due six months after entry of the Consent Decree. Subsequent reports shall be due every six months for the duration of the Decree. The final report shall be due thirty (30) calendar days before the expiration of the Decree. Each such report shall contain:

a. Copies of the records required to be maintained by Paragraphs 14-15 above and not already included in a previous Semi-Annual Report. Alternatively, if there are no such records for the six-month period covered by the report, a certification of that fact.

b. A certification that the Notice required to be posted in Paragraph 4, above, remained posted during the entire six-month period preceding the report.

c. A certification that any training conducted during the six-month period pursuant to Paragraph 7 has occurred, including: (i) a statement of the date, location, and duration of the training and that the required personnel attended; (ii) a registry of attendance, which shall include the name and position of each person trained; (iii) a current list by name and position of all the employees subject to the training requirement; and (iv) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to the EEOC.

17. The EEOC may review compliance with the provisions of this Decree. Defendants shall cooperate with any EEOC request reasonably related to verifying compliance with this

Decree, including requests for relevant information or documents and requests to interview personnel within Defendants' employ for purposes of verifying compliance with this Decree. Defendants may have legal counsel present during any interviews of their current supervisory or managerial employees. As part of such review, the EEOC may inspect Defendants' Boston office, to verify compliance with the notice posting requirements of this Decree.

18. For the duration of this Decree, Defendants must create and maintain such records as are necessary to demonstrate their compliance with this Decree and with 29 C.F.R. § 1602 *et seq*.

## NOTICES TO PARTIES

19. Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed (or, with advance written permission, mailed) to the following persons (or their designated successors):

For EEOC:

Consent Decree Monitor
EEOC Legal Unit
33 Whitehall Street, 5th Floor
New York, NY 10004
Decreemonitor.nydo@eeoc.gov

and

Caitlin Brown
Trial Attorney
U.S. EEOC
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
caitlin.brown@eeoc.gov

For Defendants:

Jeffrey Allen, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Ave., Suite 345
Boston, MA 02210
Jallen@lawson-weitzen.com

Notwithstanding this paragraph, any Party may change such addresses or identify a different designee by written notice to the other Parties setting forth a new address or email address for this purpose or identifying a different designee without Order of the Court or approval of the other Parties.

## DISPUTE RESOLUTION

20. In the event that the EEOC believes that Defendants have failed to comply with any provision(s) of the Decree, the EEOC will notify Defendants of the alleged non-compliance in writing and shall afford them ten (10) business days to remedy the non-compliance or to satisfy the EEOC that they have complied. If the Defendants have not remedied the alleged non-compliance or satisfied the EEOC that they have complied within ten business (10) days, the EEOC may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

## MISCELLANEOUS PROVISIONS

21. Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation, except as may be ordered by the Court pursuant to Paragraph 20.

22. Defendants are jointly and severally liable for all monetary and non-monetary obligations set forth in this Decree.

23. Defendants shall provide prior written notice to any potential purchaser of all or any part of their businesses, to any potential purchaser of all or a portion of Defendants' assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree. Defendants will provide written notice to the EEOC twenty-one (21) days before any purchase or transfer within the scope of this Paragraph.

24. Defendants agree that the receipt of monetary or other relief under this Decree shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief provided under this Decree is not conditioned on any agreement by Ms. Gunther to: (a) maintain as confidential the terms of this Consent Decree; (b) waive her statutory rights to file any future charge with any government agency; or (c) release any claim that was not set forth in the EEOC's Complaint in this action.

**TERM OF DECREE**

25. The Decree shall be in effect for a period of two (2) years immediately following the Court's entry of this Decree ("Term"), unless extended by order of this Court, provided, however, that if at the end of the Term of the Decree, any disputes under Paragraph 20, above, remain unresolved, the Term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

26. The matter may be administratively closed but will not be dismissed during the duration of this Decree.

**EEOC REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X**

27. The EEOC may be required to report the fact of this settlement to the Internal Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code ("IRC"), which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

a. Atlantic Properties Management Corp.'s EIN is 13-4221925.

b. The individual to whom the EEOC should mail a copy of the 1098-F form, if the

EEOC is required to issue one, is:

Cheryl Foote
Controller
63 Atlantic Avenue, Boston, MA 02110
Cfoote@dfi.cc
(617) 227-0893 Ext. 665

**SO ORDERED, ADJUDGED, AND DECREED**

Dated: September 29, 2026

/s/ Angel Kelley
Angel Kelley
United States District Judge

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

9/28/26

Date

Kimberly A. Cruz
Digitally signed by Kimberly A. Cruz
Date: 2026.09.28 16:50:12 -04'00'

Kimberly Cruz
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112

Justin Mulaire
Assistant Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
230 S. Dearborn St., Ste. 2920
(312) 872-59666
justin.mulaire@eeoc.gov

Caitlin D. Brown
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(929) 506-4352
caitlin.brown@eeoc.gov

**FOR DEFENDANT ATLANTIC PROPERTY MANAGEMENT CORPORATION**

Richard K. Bendetson, President

9/28/26

Date

**FOR DEFENDANT DIVERSIFIED FUNDING, INC.**

Richard K. Bendetson, President

9/28/24
Date

**COUNSEL FOR DEFENDANTS (as to form only)**

Jeffrey Allen, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Ave., Suite 345
Boston, MA 02210
Jallen@lawson-weitzen.com

9/28/2026
Date

# ATTACHMENT A

**U.S . EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

# Notice to Employees

This notice to employees of Atlantic Property Management Corp. and Diversified Funding, Inc. (Atlantic Property) is being posted pursuant to a Consent Decree resolving a lawsuit brought by the U.S. Equal Employment Opportunity Commission (EEOC).

In its lawsuit, the EEOC alleged that Atlantic Property violated the Americans with Disabilities Act (ADA) when it withdrew a job offer to an individual on the basis of disability. Atlantic Property denied the allegations and has not admitted any violation of the law.

The EEOC and Atlantic Property have entered into a settlement, which requires it to post this notice.

Federal law specifically prohibits employers from discriminating against employees and job applicants based on their disability. Your employer cannot deny employees reasonable accommodations in the workplace for their disabilities unless that accommodation causes the employer an "undue hardship" and cannot terminate employees because of their disabilities. Federal law requires your employer to engage in an "interactive process" with you to determine whether a reasonable accommodation for your disability exists.

Your employer cannot retaliate against you for requesting an accommodation for a disability, opposing a discriminatory employment practice, filing a charge of discrimination with any municipal, state, or federal equal employment agency, or participating in an investigation into a charge of discrimination.

Atlantic Property will comply with these laws. Atlantic Property will not tolerate any form of illegal discrimination in the workplace, including failing to accommodate an employee or job applicant's disabilities. Atlantic Property will not take action against an employee because they complain about discrimination in the workplace. Employees who make employment discrimination complaints are protected by law. Atlantic Property requires that all employees comply with these laws—including managers.

If you have any complaints or questions regarding employment discrimination, contact the EEOC at:

U.S. Equal Employment Opportunity Commission
New York District Office
Website: www.eeoc.gov
Phone: **1-800-669-4000**
TTY (for hearing impaired): **1-800-669-6820**
ASL Video Phone: **1-844-234-5122**

Date posted:

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for two years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.

# ATTACHMENT B

# **RELEASE AGREEMENT**

I, Tiffany Gunther, in consideration of $85,000 to be paid to me by Atlantic Property Management Corp. and Diversified Funding, Inc. ("Atlantic Property"), in connection with the resolution of the lawsuit captioned *EEOC v. Atlantic Property Management Corp. and Diversified Funding, Inc.*, Case No. 24-cv-10370 (D. Mass.), hereby waive my right to recover for any claims arising under the Americans with Disabilities Act that I had against Atlantic Property prior to the date of this release and that were included in the claims alleged in the EEOC's Complaint in that lawsuit.

Date: ____________ __________________________

Tiffany Gunther